CASE 21—ACTION BY LOUISVILLE ARTIFICIAL STONE COMPANY AGAINST P. A. GAERTNER TO ENFORCE THE LIEN OF AN APPORTIONMENT WARRANT.—NOVEMBER 14.

# Gaertner v. Louisville Artificial Stone Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY BRANCH, FIRST DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

MUNICIPALITIES—STREET IMPROVEMENTS—APPORTIONMENT WARRANT LIEN—ORDINANCE—PLEADING—PROOF—PRIMA FACIE CASE.

Held: 1. Under Kentucky Statutes, section 2775, requiring the courts to take judicial notice of city ordinances and section 119, Civil Code, providing that facts of which judicial notice is taken need not be pleaded, and that in pleading a private statute it is sufficient to refer to it by its title and date, it is sufficient in a suit to enforce the lien of an apportionment warrant for street improvements to refer to the ordinance under which the apportionment was made by its title and date.

2. Kentucky Statutes, section 2838 providing that "in actions to enforce liens for street improvements, a copy of the contract therefor and the apportionment duly attested shall be *prima facie* evidence of all facts necessary to be established by plaintiff," and the plaintiffs alleging that the street, improved, had been used as a street for more than forty years, and the grade had been fixed, but the record thereof could not be found, and the answer denying that the grade had been fixed as pleaded but not denying that the street had been used or that the sidewalk had been constructed and remained on that grade for forty years, there was no sufficient denial of the allegations of the petition, and the plaintiff having made out a *prima facie* case, he was entitled to recover on his apportionment warrant.

3. The case of Nevin v. Gaertner, 20 R., 1022 (48 S. W., 153) and Richardson v. Dunn's Assignee, 22 R., 324 (57 S. W., 230) are disapproved so far as they are in conflict herewith.

HARRIS & MARSHALL, ATTORNEYS FOR APPELLANT.

1. The petition does not set out the terms of the ordinance of

Gaertner v. Louisville Artificial Stone Company.

February 5, 1894, nor does it aver that said ordinance was duly passed, nor is a copy thereof filed. This is a fatal defect. Nevin v. Gaertner, 20 Ky. Law Rep., 1022.

2. Under the decision in Zabel v. Orphans' Home, 92 Ky., 94, it is necessary to allege and prove an ordinance or resolution fixing the grade of the street. Defendant moved to require plaintiff to file a copy of this resolution but his motion, was overruled, and no copy was ever filed.

The answer traverses the whole allegation of the plaintiff on this subject, and no proof was taken by either party.

3. But one day's notice by publication in a newspaper was given of the engineeer's inspection and reception of the work. This, we think was too short.

## AUTHORITIES CITED.

1. Nevin v. Gaertner, 20 Ky. Law Rep., 1022.

2. Zabel v. Orphans' Home, 92 Ky., 94; Henderson v. Brown, 7 Ky. Law Rep., 609.

3. Harris v. Zabel, 4 Ky. Law Rep., 1000; Boone v. Gleason, 5 Ky. Law Rep., 325; Ormsby v. Jamison, 9 Ky. Law Rep., 325; Henderson v. Lambert, 14 Bush, 24; Bogard v. O'Brien, 14 Ky. Law Rep., 648; Whitfield v. Hipple, 11 Ky. Law Rep., 386.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

This is a suit to enforce the lien of an apportionment warrant for a granitoid pavement in front of appellant's property on Market street, between First and Second. The ordinance directed the pavement to be made in accordance with the provisions of the general ordinance concerning sidewalks. The contract binds the contractor to do the work as required by the ordinance. It is insisted that the petition does not sufficiently set out the general ordinance in accordance with the provisions of which the improvement was to be made, and in support of this contention we are referred to Nevin v. Gaertner (20 R., 1022), 48 S. W., 153. The language of the petition is that the work was directed to be done "in accordance with the provisions of an ordinance approved 5th day of February, 1894, entitled 'Gen-

eral ordinance concerning the improvement of sidewalks.'"
By section 2775, Kentucky Statutes, the courts of the State
must take judicial cognizance of the ordinances of the
city.    By section 119 of the Civil Code, facts of which ju-
dicial notice is taken, excepting private statutes, shall not
be stated in a pleading, and in pleading a private statute
it is sufficient to refer to it by stating its title and the
day on which it became a law.    As the court is required to
take judicial notice of the ordinances of the city, the terms
of the ordinance need not be set out, and it is sufficiently
pleaded when its title and the day on which it became a
law are stated.    Since the court is required to take judi-
cial notice of the ordinances, they are, in effect, private
statutes, within the meaning of the provision of the Code
above referred to, and we see no reason for any greater
particularity in pleading them.    This form of allegation
was held sufficient in Dumesnil v. Tile Walk Co. (23 R.,
144) 58 S. W., 705.    In Nevin v. Gaertner the attention of
the court was not drawn to section 2775, Kentucky Stat-
utes.    The petition was held defective, and the court fol-
lowed a ruling made under the former statute, not observ-
ing the change that the Legislature had made.

It was alleged in the petition that Market street, between
First and Second, had been for more than 40 years used as
a street, and that the grade had been fixed by the council
at the time of the original construction of the sidewalk,
more than 40 years ago, but that the record establishing
the grade could not be found.    The ordinance simply di-
rected the reconstruction of the sidewalk.    The answer
of the defendant denied that the grade of Market street
had been fixed 40 years ago, or when the sidewalk was
originally constructed.    But it did not deny that Market
street had been used as a street for 40 years, or suffi-

ciently deny that the sidewalk had been constructed long ago on the existing grade, and had remained upon that grade since that time. The answer may be true, and yet the grade may have been established 39 years ago, and the sidewalk may have been maintained upon it ever since. Section 2838, Kentucky Statutes, provides: "In all actions to enforce liens a copy of the ordinance authorizing the improvement or work, a copy of the contract therefor, and a copy of the apportionment, each attested by the comptroller, shall be *prima facie* evidence of the due passage, approval and publication of the ordinance, of the due execution and approval of the contract, and shall also be *prima facie* evidence of every other fact necessary to be established by the plaintiff in such action to entitle him to the relief authorized to be given in this act." In Barrett v. Stone Co. (20 R., 669) (52 S. W., 947), where precisely this question was made, the court held that a copy of the ordinance authorizing the improvement, the contract therefor and the apportionment duly attested made out for the plaintiff a *prima facie* case, under the statute. In the case before us the *prima facie* case was thus made out, and, the action being submitted without any further proof by either party, the court gave judgment in favor of the plaintiff. It is insisted for appellant that the judgment is in conflict with the case of Richardson v. Dunn's Assignee (22 R., 324) 57 S. W., 230. But in Richardson v. Dunn's Assignee, the answer was a complete traverse of all the allegations of the petition, which is not true of the answer before us. In City of Augusta v. McKibben (22 R., 1224) 60 S. W., 291. this court, construing a similar ordinance, said: "The old sidewalk was condemned, and a new one was required to be laid. That is all the ordinance or contract provided for. The grade of the street was, by neces-

sary inference, left as it was before." The language of the statute, that the copies referred to therein shall be *prima facie* evidence of the due passage, approval and publication of the ordinance, of the due execution and approval of the contract, and shall also be *prima facie* evidence of every other fact necessary to be established by the plaintiff to entitle him to the relief sought, imposes upon the defendant the burden of showing facts sufficient to defeat the action where this *prima facie* case is made out; and a fair construction of the statute does not warrant the court to interpolate into it an exception which the Legislature has not seen fit to make. Our conclusion is that, when the plaintiff has made out his *prima facie* case under the statute, he is entitled to recover, unless proof is taken by the defendant, or the facts are otherwise shown in the action, overthrowing the *prima facie* case thus made out. The case of Zabel v. Orphans' Home, 92 Ky., 89 (13 R., 385) 17 S. W., 212 (13 L. R. A., 668), does not conflict with this view, but, on the contrary, sustains it. That was an appeal from a judgment entered without proof after the court had overruled a demurrer. It was held that the demurrer to the petition should have been sustained, but the court, to make plain its meaning, said: "Under the charter of the city, the proper averment in its petition of all the steps leading to the creation of such a lien, when supported by such exhibits as were filed in this instance, creates, in the face of a mere denial, a *prima facie* case. Hence, if the petition was sufficient, . . . the plaintiff was, in the absence of testimony, entitled to judgment." The defect in the petition referred to, for which the demurrer was sustained, was its failure to show that the grade of the street had been fixed. It will thus be seen that the court in that case distinctly held that if the petition had contained the

necessary averments, supported by the exhibits, creating a *prima facie* case, a mere denial of its allegations would be insufficient, in the absence of testimony to defeat a recovery. The cases of Nevin v. Gaertner and Richardson v. Dunn's Assignee, above referred to, are disapproved, so far as they are in conflict herewith.

Judgment affirmed.

The whole court sitting.