### Brady, Who Sues, et al. v. Straub.

(Decided October 30, 1917.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Animals—Running at Large—Local Option Stock Statute.—There is in Kentucky no statute, applicable to the state as a whole, preventing the running at large of stock; but there is what may be called a "local option" stock statute, which may be put in operation in a designated district or county by a majority vote of the citizens thereof, whereby the owners of stock in such territory may be required to keep them upon their own lands.

2. Animals—Personal Injuries—Damages—Pleading.—In an action for damages, brought by one injured by the kick of a horse running at large on the streets or commons of a city, against the owner, it is essential to a recovery that it be alleged in the petition and established by satisfactory evidence, either that the running at large of such animal was forbidden by an ordinance of the city, or that he was of vicious disposition, which was known to the owner, or, by the exercise of ordinary care, could have been known to him. Where, in such case, the petition does not contain the above allegations it will be subject to demurrer because of its failure to state a cause of action.

3. Statutes—Pleading Private Act.—Section 119, subsection 2, Civil Code, provides: "In pleading a private statute, it shall be sufficient to refer to it by stating its title and the day on which it became a law." City ordinances that the court is required by statute to take judicial notice of, may be pleaded the same as private statutes.

HUBBARD & HUBBARD for appellants.

WALTER S. LAPP and ERNST H. NEUMAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

The appellant, Glynn S. Brady, an infant, suing by his father, Fred Brady, as next friend, brought this action against the appellee, John C. Straub, in the Jefferson circuit court, common pleas branch, first division, seeking to recover of him $4,000.00 in damages for injuries alleged to have been sustained to his person from the kick of a horse owned by appellee, which he negligently permitted to run at large within the corporate limits of the city of Louisville and on the streets and commons thereof, in the vicinity of appellant's residence.

The grounds of appellant's complaint, as well as the manner of receiving his injuries, are shown by the following averments of the petition:

"Plaintiff states that for many days prior to November 16, 1914, the defendant, John C. Straub, with gross carelessness and negligence, permitted a horse which was owned by him and under his control to run loose on the streets and commons of the city of Louisville, unattended in the vicinity of 468 East Brandeis street, where the plaintiff resides; that on or about the 16th day of November, 1914, the plaintiff with other children was playing on the common adjacent to his father's home, when said horse, which belonged to the defendant, and which was permitted to run at large on the streets and commons, suddenly and without warning kicked the plaintiff, Glynn S. Brady, in the stomach and that by reason thereof the said plaintiff was rendered unconscious, and that he suffers and will continue to suffer all of his life most excruciating pain, mental and physical, and that he was injured in his abdomen, back, head, arms and legs, by reason of being kicked by the horse of the defendant, under the conditions and circumstances aforesaid; and that he was permanently injured in his abdominal viscera, and that his power to earn money has been permanently impaired and destroyed; and that he has been injured and damaged thereof in the sum of $4,000.00."

Appellee filed a general demurrer to the petition which the circuit court sustained; and upon appellants' refusal to plead further, dismissed the petition. From the judgment manifesting these rulings this appeal is prosecuted.

The demurrer was, of course, sustained upon the ground that the pettion fails to state a cause of action. It will be observed that the petition does not allege that

it was contrary to law for appellee, the owner of the horse, to permit him to run at large upon the streets and commons of the city of Louisville, but only alleges that he was guilty of gross carelessness and negligence in permitting the horse to run loose on the streets and commons of the city of Louisville, in the vicinity of appellant's residence, which resulted in his receiving the kick from the horse causing his injuries. It will further be observed that the petition also fails to allege that the horse was vicious or had a propensity to kick, or that appellee knew or could have known that such was the character or propensity of the horse.

It seems to have been uniformly held in this jurisdiction as well as the courts of a majority of the states of this country that in order to hold the owner of a domestic animal liable for personal injuries caused by such animal while not in charge of the owner, it must be alleged and shown by proof either that the running at large of the animal was forbidden by law, or that it was vicious and that the owner knew, or by the use of ordinary care, could have known of the animal's viciousness. The petition fails to allege either state of case mentioned. In Corpus Juris, volume 3, section 324, it is said: "If domestic animals injure any person or property while wrongfully in the place where the injury is done, the owner will be liable." In some of the states, such as Maine, Pennsylvania, Wisconsin, and perhaps a few others, the courts appear to hold to the doctrine that the owner of a horse, if he turns him loose to run at large in a city, is responsible for the acts of the horse, regardless of the question whether or not the animal is vicious or known by the owner to be vicious. The following cases cited on the brief of appellant's counsel support this doctrine: Gammon v. Gay, 15 Pa. State Rep. 188; Decker v. Gammon, 44 Me. 322; Barnes v. Chapin, 4 Allen 444; Baldwin v. Ensign, 49 Conn. 113; Gary v. Arnold, 175 Ill. App. 365; Mathey v. Rauenbuhler, 71 N. Y. App. Div. 173. It will be found, however, that in some of the cases, *supra,* there were statutes or city ordinances forbidding the running of stock at large.

The foregoing doctrine, however, has never been enforced in this state. The law here is thus stated in Muir v. Thixton, Millett & Co., 119 Ky. 753, which was an action brought by the appellant to recover of the appellee damages for the death of a horse alleged to have been induced to go upon the latter's land by an attractive

nuisance. The principal question involved was whether in Kentucky domestic animals were permitted to stray at large:

"The question presented by the appeal is interesting because of its novelty and the zeal with which counsel have urged their respective contentions. We find in Thompson's Negligence, vol. 1, section 938, this statement of the law on this subject: 'In most of the states of the American Union, with the exception of some of the eastern states, the common law of England, which requires the owner of cattle to restrain them, is not in force; but they may lawfully run at large upon the public highway and upon uninclosed lands without regard to the ownership of such lands. The difference is that by the common law of England the owner of cattle must fence them in, whereas by the general law of America the owner of the land must fence them out.' . . . We have in Kentucky no statute preventing the running at large of stock, though there is what may be called a 'local option' stock statute, which may be put in force in given territory by a majority vote of the citizens thereof, in which event the owners of stock in such territory will be required to keep them upon their own lands."

In Wigginton & Sweeney, et al, Partners v. Mabel Bruce's Guardian, and Same v. Esma Bruce's Guardian, 174 Ky. 691, recovery was had by two infants and their next friend against the owners of horses which, after escaping upon the highway, frightened the pony driven by the plaintiffs which ran away threw them out of the vehicle in which they were riding, thereby causing them to be injured. There was a contrariety of evidence as to whether the horses were knowingly permitted by the servant of the owner to escape from his enclosure and go upon the highway, or whether they escaped by accident, and the lower court submitted that question to the determination of the jury. It appears from the single opinion written in the two cases that at an election held in the district, where the injury occurred, what is known as the stock statute, sections 4646 to 4651 inclusive, Kentucky Statutes, entitled "An act to regulate the running at large of stock," was put into effect by a majority vote of the people. In commenting upon the statute we said:

"We, therefore, conclude that the reasonable construction of this statute is, that it provides a remedy for the injury to persons, as well as to property, against the owner of stock at large in violation of the statute, with-

out regard to the mischievous or vicious tendencies of the animals; and, even if this were not true, ample authority for the action is found in section 446 of the Kentucky Statutes, which is of general application and is as follows: 'A person injured by the violation of any statute may recover from the offender such damage as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed.' "

Following this statement of the opinion and a citation of authorities, we further said:

"Under the above authorities, it is our judgment, that the words in the statute in question, 'To permit any stock to run at large,' are properly construed to mean, as defined by the trial court, to knowingly allow stock to roam at large at will, or wander without restraint or control, or to fail to exercise, in order to prevent same, that degree of care that is usually exercised by ordinarily prudent persons under the same circumstances, and, that the evidence in this case, upon this question, presented an issue for the jury, and the court did not err in overruling the motion for a peremptory instruction."

Perhaps nearly all cities in Kentucky have adopted ordinances forbidding the running at large of stock on the streets or commons thereof, and where such ordinances have been adopted the owners of stock will not be permitted to allow them to run at large. Appellant's counsel quote in their brief what purports to be an ordinance of that character, claimed to be in force in the city of Louisville. If the city of Louisville has such an ordinance it is not so alleged in the petition. Section 119, subsection 2, Civil Code, provides: "In pleading a private statute, it shall be sufficient to refer to it by stating its title and the day on which it became a law." In Guertner v. Lou. Stone Co., 114 Ky. 160, we held that city ordinances that the court is required by statute to take judicial notice of, may be pleaded the same as private statutes. Tenn. Brick Co. v. Barker, 22 R. 1069; Cabell v. City of Henderson, 28 R. 89.

It is patent that the appellant's petition does not state a cause of action under the stock statute or an ordinance of the city of Louisville; and equally patent that it does not state a cause of action under the common law, arising out of any viciousness of the horse, as it wholly fails to allege that he was a vicious animal or that such viciousness was known or by the exercise of ordinary care could have been known to the appellee.

The authorities as to the necessity of alleging the owner's knowledge of, or means of knowing, the animal's viciousness are numerous in this jurisdiction. In Murray v. Young, 12 Bush 337, the plaintiff recovered damages of the defendant whose two bull dogs killed his sheep. It was alleged in the petition that the dogs were vicious and mischievous and that plaintiff, prior to the killing of the sheep, was apprised of their character in that regard, but neglected to kill or restrain them. On the trial the jury were required by the court to find and return answers to certain questions submitted to them, two of the questions being as follows:

3.  If they find that the dogs of the defendant killed or injured the sheep of plaintiff, as complained of, they will say whether or not said dogs were, prior to said killing or injury, of mischievous habits and disposition?

4.  Was the defendant, before the killing or injury of the sheep complained of, apprised or notified that such disposition and habits were mischievous or vicious?

Affirmative answers were returned by the jury to the above questions. In presenting its view of the law, the court said: "To render a person responsible at the common law for injuries committed by an animal of which he is the owner, and which is of a domestic and quiet nature, such as a dog or horse, he must be shown to have a knowledge that it was accustomed to do mischief; the gist of the action not being the negligent keeping, but the keeping with a knowledge of the mischievous propensity; and this knowledge must be affirmatively proved, for although the animal may in fact have done mischief, yet if this is unknown to the defendant, he is not liable."

In Jellico Coal Co. v. Stewart, 24 R. 420, the action was to recover of the defendant for an injury sustained by the plaintiff by the kick of a mule owned by the defendant; the following instruction given the jury by the trial court was approved by this court: "The court instructs the jury that if the mule was dangerous and vicious and was known by the defendant to be such, or if by the use of ordinary care this might have been known by it or its servants, they should find for the plaintiff; but if he knew before he was kicked by the mule that it was dangerous and liable to kick and injure him, and after this voluntarily went on hauling with the mule, he assumed the risk, and they should find for the defendant."

In Adams v. Simpson, 103 S. W. 247, the plaintiff, a blacksmith, was kicked and injured by the defendant's horse, which because of his nervous and excitable state, plaintiff hesitated to shoe until assured by the defendant that the horse was safe. In passing on the case we held that ''The issues were whether or not the horse was vicious, and if so, whether the appellee knew that fact, and whether appellant received his injuries by reason of his own contributory negligence.''

In Brooks v. Brooks, 21 R. 940, the action was one brought by the plaintiff to recover damages of the defendant for injuries inflicted upon him by the latter's cow. In the opinions we said:

''If the cow was known to appellee to be vicious, then he was guilty of negligence in placing her in a public stockpen, whether she was there for sale or for his own convenience. . . . The question of whether or not the cow was a vicious or dangerous animal, and, if so, whether that fact was known to appellee, or could, with reasonable diligence, have been known to him, should have been submitted to the jury.''

To the same effect are the following additional authorities: Thornton v. Layle, 23 R. 382; Tolin v. Terrell, 133 Ky. 210.

It follows from what has been said that the ruling of the circuit court in sustaining the demurrer to the petition was not error.

Wherefore, the judgment is affirmed.