LLOYD SOWERS, doing business as LARAMIE
FEED AND TRUCKING SERVICE,

*Plaintiff and Respondent,*

vs.

IRVING CORTHELL,

*Defendant and Appellant.*

(No. 2501; February 19th, 1952; 240 Pac. (2d) 891)

For the defendant and appellant the cause was submitted upon the brief and also oral argument of appellant, appearing pro se.

There was no appearance for plaintiff and respondent.

## OPINION

BLUME, Chief Justice.

This is an action brought by plaintiff and respondent against Irving Corthell, defendant and appellant, to re-

cover damages from the appellant by reason of the fact that the latter's cattle consumed or destroyed certain hay of the plaintiff in the City of Laramie. The cattle were kept adjacent to the City of Laramie. The plaintiff's premises are located about two blocks away and inside the city's limits. The cattle left or were permitted to leave the place where they were usually kept and invaded plaintiff's premises where they consumed or destroyed the hay in question. The action was brought in Justice Court in which the plaintiff recovered judgment for $29.00 for damages to his hay. The case was appealed to the District Court and after trial the plaintiff was awarded judgment of $20.00 and costs. From that judgment, the defendant has appealed to this court.

The City of Laramie has an ordinance prohibiting cattle from wandering at large. This ordinance was passed pursuant to § 29-3320 Wyo. Compiled Statutes 1945, Sub. Div. 16. Ordinances of that sort are quite prevalent and it would seem quite necessary in cities. Thus, it is said by McQuillin, Municipal Corporations (3rd Ed.), Vol. 7, § 24.300 as follows: "Usually municipal corporations can regulate, restrain and prohibit the running at large of domestic animals, such as cattle, horses, mules, goats, sheep and swine, upon the highways, streets and in public places, or on the private property of others. They may do so by virtue of their police or general power, their power to declare and abate public nuisances or their power over the streets and public places, and in some instances under specific power. In truth, almost all cities and towns have ordinances that forbid the letting of livestock run at large, that provide pounds and authorize sales to meet expenses." See also 62 C.J.S. 397.

Appellant contends that the ordinance of Laramie is invalid and that under the laws of this state, contrary

to the rule of the common law, the owner of cattle is not compelled to see that no damages are caused by his cattle when running at large, but that on the contrary, the owners of property must see to it that cattle are kept away from his premises. He thinks that the ordinance is in conflict with the decision of this court in the case of Garretson v. Avery, 26 Wyo. 53, 176 Pac. 433, where it was held that as a general rule no obligation rests upon a landowner to fence out another's livestock. In that case, however, the court considered cattle running at large outside of the limits of a municipality and the decision expressly states that such is the rule in the absence of a statute.

It was the general rule under the common law that the owner of domestic animals was bound, at his peril, to keep them off the land of other persons whether it was fenced or not. 2 Am. Jur. 768; 3 C.J.S. 1290-1291. That rule was held to be inapplicable, at least as to agricultural areas in the foregoing decision, as was true in other states. 3 Am. Jur. 771. But as the country was settled, a different situation arose. So it is stated in 2 Am. Jur. 773: "As a result (of settlement) many states have, by legislative enactments prohibiting owners from permitting their cattle or other animals to roam at large, and by making owners responsible for any damages resulting from their failure to restrain their animals, practically restored to its full strength and power the old common-law principle. * * * Under modern conditions the tendency to revert to the common law rule of liability may be said to be general." This is said as to agricultural areas. It would seem appropriate to apply this language or principle involved therein to a city like Laramie, with a population of over 15,000, when it passes an ordinance prohibiting animals to roam at large within its limits.

In Adams v. Clark, 189 Ky. 279, 224 S.W. 1046, 14

A.L.R. 738, the court stated: "A municipality may by ordinance regulate the running at large of domestic animals, including fowls; and when it passes an ordinance forbidding the owner of fowls to allow them to run at large, and provides a penalty for the violation of the ordinance, it then becomes, if it were not before, a wrongful act to allow domestic fowls to range at will over the property of others in that city, and the owner is liable for their depredations, by reason of the ordinance as well as the common law of the land. Brady v. Straub, 177 Ky. 468, L.R.A. 1918D, 197, 197 S.W. 938: Wigginton v. Bruce, 174 Ky. 691, 192 S.W. 850. In 3 C.J. p. 97, the rule is stated as follows: 'Under positive laws forbidding the owner of specified domestic animals to permit them to run at large in the highways, it has been held that he is liable for any injury resulting from their being at large whether he knew that they had escaped or not, and that his negligence may be presumed from the fact that the animal inflicts the injury in a place where it had no right to be.' "

In 3 C.J.S. 1254, it is said: "Under statutes forbidding the owner of specified domestic animals to permit them to run at large, he is liable for injuries caused by an animal of the class named which was unlawfully at large either if he knowingly permits it so to roam or fails to exercise ordinary care in restraining it. Some courts hold further that he is liable without proof of negligence on his part and whether or not he knew the animal had escaped, negligence in such case being presumed from the fact that it was at large."

Even if it could be said that the rule is under an ordinance prohibiting animals to roam at large that an owner of domestic animals is, as in a case like that at bar, liable only in a case of negligence, there is sufficient evidence in this case to warrant the court in holding that the appellant was negligent, in view of the fact

that the record discloses that his cattle were found within the limits of Laramie a number of times. We need not say what the rule should be in a criminal proceeding under an ordinance.

Appellant contends that plaintiff violated the law relating to lawful fences as mentioned in § 66-501. Wyo. Comp. Stat. 1945, and he relies specifically upon the provision of that section which states: "Provided further, That any fence enclosing any hay corral situated outside of any field enclosed by a lawful fence, shall not be less than six (6) feet high and shall be constructed of boards, poles or wire." We are inclined to think that the provision was passed to meet situations in agricultural areas. It refers to a hay corral outside of a field. The term "field" would seem to refer to areas outside of municipalities. It hardly seems to be appropriate to apply it to lots in a town or city. We think that the provision has no application in the case at bar.

Appellant states in his brief that the city of Laramie has an ordinance stating: "No hay, straw, lumber or other combustible material shall be stored or piled within the fire limits unless completely enclosed within buildings built in conformity with the city ordinances and such material shall not be piled or stored outside of the fire limits except by special permission of the chief of the fire department." Appellant contends that the plaintiff violated this ordinance in that he had his hay stored outside of a building; that he is, therefore, guilty of contributory negligence, and that this negligence is the proximate cause of the damages to plaintiff's hay. The record before us fails to disclose as to whether or not the hay of plaintiff was within or without the fire limits, or whether plaintiff stored his hay without permission of the chief of the fire department. In fact the record before us contains no information whatever as to the existence of the foregoing ordinance, or that the

trial court's attention was called thereto or was considered by it. It would hardly be fair for us to reverse the case under these circumstances. The foregoing ordinance was evidently passed, if it is true that it exists, for the purpose of fire protection in the city. Its relation to the ordinance prohibiting cattle to run at large in the city is not perceived. There is at least a doubt that when appellant violated one ordinance, he should be able to escape the consequences of such violation by claiming that the plaintiff violated another rather unrelated ordinance.

The judgment of the trial court is affirmed.

*Affirmed.*

RINER, J., and ILSLEY, J., concur.