## No. C-1514

Mark L. Levine a/k/a Mark Lee Levine, and Ellen S. Levine, formerly known as Ellen Sachter, on behalf of themselves and all others similarly situated v. Empire Savings and Loan Association, James B. Nutter & Company, Midland Federal Savings and Loan Association, Mile High Savings and Loan Association, and Western Federal Savings and Loan Association, corporations; and Ellen S. Levine a/k/a Ellen H. Levine a/k/a Ellen Levine formerly known as Ellen Sachter, Mark L. Levine a/k/a Mark Lee Levine a/k/a Mark Levine, Roger Michels, Allan P. Ansel, Patty J. Ansel, James T. Ayers, Mary K. Ayers, Medill McCormick Barnes, Getty Lee Chaikin, Dee Ann Clark a/k/a Dee Ann Rogers Clark, John F. Cook, Anne E. Cook, George P. Harris, Pearl K. Harris, George A. Hinshaw, Alberta M. Hinshaw, Kathlyn J. Hinshaw, Douglas C. Hunt, Violet M. Hunt, Harold G. Kallas, Tetta Kallas, Martin Kamine, Mildred E. Kamine, Max W. Lawler, Deborah K. Lawler, Andy Leon, Raymond P. Mecherle, Ann S. Mecherle, Peter C. Meer, Sheila H. Meer, Johnnie R. Smoker, Marylyn E. Smoker, Robert M. Vockrodt, Jesse H. Wine and Elma M. Wine on behalf of themselves and all others similarly situated v. Central Mortgage and Investment Company, Colorado State Bank, Empire Savings and Loan Association, Kassler & Co., Midland Federal Savings and Loan Association, Midland Mortgage Co., Mile High Savings and Loan Association, James B. Nutter & Company, Western Federal Savings and Loan Association, Weyerhaeuser Mortgage Company, D. C. Burns Realty, Capitol Federal Savings & Loan Association, The Central Bank & Trust Company, Colorado National Bank, Colorado National Mortgage Company, Columbia Savings & Loan Association, First American Mortgage, First Federal Savings & Loan Assn. of Denver, First National Bank of Denver, First of Denver Mortgage Company, Garrett-Bromfield, Moore Mortgage Co., Mortgage Institute Co., Mountain States Financial Corp., Silver State Savings & Loan Assn., and Van Schaack & Co.

(592 P.2d 410)

Decided March 26, 1979.

Criswell & Patterson, Ronald S. Pred, Lawrence A. Wright, Jr., John A. Criswell, for petitioners.

Davis, Graham & Stubbs, L. Richard Freese, Jr., for respondents Colorado National Bank, Central Bank & Trust Co., Colorado National Mortgage Co. and Mountain States Financial Corporation.

Holland & Hart, David E. Palmer, Robert E. Benson, for respondents Central Mortgage & Investment Co., Kassler & Co., Midland Mortgage Co., James B. Nutter & Co., First American Mortgage Co., The D. C. Burns Realty & Trust Co., First of Denver Mortgage Co., and Mortgage Institute Co.

Mosley, Wells & Spence, James H. Mosley, for respondent Western Federal Savings & Loan Assn.

Dawson, Nagel, Sherman & Howard, Craig A. Christensen, for respondent Colorado State Bank.

Gorsuch, Kirgis, Campbell, Walker and Grover, Charles E. Rhyne, Robert E. Warren, Jr., for respondent Moore Mortgage Co.

Atler, Zall and Haligman, a Professional Corporation, Jon M. Zall, for respondents Silver State Savings & Loan Association and Van Schaack & Company.

Law, Nagel and Clark, Robert L. Nagel, for respondent James B. Nutter & Company.

Holme, Roberts & Owen, Donald C. McKinlay, for respondent Weyerhaeuser Mortgage Company.

Calkins, Kramer, Grimshaw & Harring, Victor Lee Wallace, II., Richard L. Harring, for respondent Empire Savings and Loan Association.

Fairfield and Woods, Charlton H. Carpenter, Howard Holme, for respondent Midland Federal Savings and Loan Association.

Charles J. Hafertepen, for respondent Columbia Savings and Loan Association.

Balaban, Lutz & Lobus, John A. Lobus, Harlan G. Balaban, for respondent Mile High Savings and Loan Association.

Hayden, Ross & Sweeney, William G. Ross, for respondent First Federal Savings & Loan Association.

Hughes and Dorsey, Kirk P. Brady, for respondent First National Bank of Denver.

Harry M. Williams, for respondent Capitol Federal Savings & Loan Association.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Certiorari was granted to review the decision of the court of appeals in a consolidated appeal involving two class action lawsuits. In each case,

the trial court dismissed the class action allegations. The court of appeals affirmed the dismissals in *Levine v. Empire Savings and Loan Association,* 40 Colo. App. 285, 579 P.2d 642 (1977). We affirm the court of appeals.

District Court Action No. C-29928 was brought by the plaintiffs on behalf of themselves and all others similarly situated against five defendants to recover "assumption fees" paid for the assumption of loans made to third parties. District Court Action No. C-31802 was brought by plaintiffs on behalf of themselves and all others similarly situated against twenty-five defendants to recover 10% interest on moneys paid into escrow accounts for the payment of annual taxes and insurance premiums in connection with real estate loans.

The class action segments of the complaints simply tracked the language of C.R.C.P. 23 on the requirements for the maintenance of a class action. On the basis of the pleadings alone, the trial court dismissed the class action allegations.

The only issue presented for review is whether the trial court properly dismissed the class action allegations without holding an evidentiary hearing where the plaintiffs' complaints merely recited the provisions of C.R.C.P. 23.[1]

This question is of first impression in this jurisdiction. The controlling rule, C.R.C.P. 23(c)(1), directs, as does its federal counterpart, Fed. R. Civ. P. 23(c)(1), that: "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." Neither rule delineates the procedure by which a court is to determine maintainability. We do, however, find guiding principles in federal decisions, although there is less than absolute harmony among the circuits that have addressed this issue.

One line of cases recognizes that without a statement of basic facts mere repetition of the language of the rule is inadequate to maintain a class action. *Doninger v. Pacific Northwest Bell, Inc.,* 564 F.2d 1304 (9th Cir. 1977); *Weathers v. Peters Realty Corporation,* 499 F.2d 1197 (6th Cir. 1974); *Rossin v. Southern Union Gas Co.,* 472 F.2d 707 (10th Cir. 1973); *Cook County College Teachers Union, Local 1600, A.F.T. v. Byrd,* 456 F.2d 882 (7th Cir. 1972); *Cash v. Swifton Land Corporation,* 434 F.2d 569 (6th Cir. 1970); *Gillibeau v. City of Richmond,* 417 F.2d 426 (9th Cir. 1969).

It is further recognized that the rule does not require an evidentiary hearing and that one need not be held, absent at least a minimal showing

---

[1] The issues as to whether the litigation should ultimately proceed as a class action or whether the allegations of the complaint contain sufficient factual material to warrant class certification are not before us; rather, it is the alleged prematurity of the trial court's ruling that is asserted as the only error.

of the substance of the class action. *Rossin, supra, Gosa v. Securities Investment Company,* 449 F.2d 1330 (5th Cir. 1971); *Wolfson v. Solomon,* 54 F.R.D. 584 (S.D.N.Y. 1972).

On the other hand, there is a line of cases which holds that the trial judge has the duty of satisfying himself of the class nature of the suit and bears a greater responsibility to ensure a just resolution of the maintainability of class actions. These cases assert that, although not mandated by the rule, a court ordinarily should conduct a fact-finding determination prior to concluding that a class action cannot be maintained.[2] *Goodman v. Schlesinger,* 584 F.2d 1325 (4th Cir. 1978); *Pittman v. E. I. duPont de Nemours & Company, Incorporated,* 552 F.2d 149 (5th Cir. 1977); *Satterwhite v. City of Greenville, Texas,* 557 F.2d 414 (5th Cir. 1977); *International Woodworkers of America, etc. v. Georgia-Pacific Corporation,* 568 F.2d 64 (8th Cir. 1977); *Jones v. Diamond,* 519 F.2d 1090 (5th Cir. 1975); *Yaffe v. Powers,* 454 F.2d 1362 (1st Cir. 1972).

It should be emphasized that no reported decision has declared an evidentiary hearing to be a mandatory precondition to a ruling on the maintainability of a class action. Many courts, however, have stated that the preferable procedure in any doubtful case is to hold an evidentiary hearing.

We adhere to the view that litigants should be afforded the opportunity to present evidence as to whether a class action is maintainable, which of course implies sufficient discovery. *Doninger, supra.* However, a plaintiff may not rely on the theory that discovery and an evidentiary hearing are a matter of right, without making a minimal showing of substance of the class. *Rossin, supra.* It is fundamental that the burden is upon the plaintiff to establish his right to maintain a class action.

Therefore, given the unique circumstances attending the instant cases, as discussed below, we hold that the trial court did not abuse its discretion when it dismissed the class actions on the basis of the pleadings alone.

The "assumption fees" case was instituted on June 15, 1972, by the filing of the complaint. Approximately one month later, motions to dismiss the complaint were filed, alleging, among other things, that the allegations of the complaint were insufficient to maintain a class action. Plaintiffs did not respond to these motions nor did plaintiffs amend their complaint. Fifteen months after the filing of the complaint, following a hearing on the motions, the trial court dismissed the class action allegations. Not until the filing with the trial court of their petition for rehearing did the plaintiffs request discovery as to the maintainability of the class action. In all

---

[2] The fact-finding process may involve consideration of any of the following: affidavits, depositions, exhibits, answers to interrogatories, admissions, or evidence at a hearing.

the months prior thereto, the plaintiffs did not seek any discovery in the form of depositions or interrogatories. They did not present to the court any exhibits or affidavits to support their class action claim, nor did they request an evidentiary hearing. Moreover, they never put forth any factual allegations to support the class action claim, relying instead on legal argument and mere mimicry of C.R.C.P. 23.

The "escrow account" case was instituted on September 27, 1972, by the filing of the complaint. Approximately one month later, motions to dismiss the complaint were filed, alleging, among other things, that the allegations of the complaint were insufficient to maintain a class action. Eleven months after filing the original complaint, the plaintiffs agreed to defer discovery pending a determination as to the sufficiency of the class action allegations. They also filed an amended complaint but did not amend the class action section of the complaint, again merely tracking the language of C.R.C.P. 23. Approximately sixteen months after filing the original complaint, the plaintiffs filed a more definite statement, but did not flesh out their skeletal class action allegations. Finally, approximately two years after the filing of the original complaint and following a hearing on the motions attacking the amended complaint, the trial court dismissed the class action allegations. As in the "assumption fees" case, plaintiffs had conducted no discovery with regard to the maintainability of the class action. They presented the court with no factual support of their class action in the form of affidavits or otherwise, and simply relied upon legal argument and repetition of the language of C.R.C.P. 23.

By thus proceeding, plaintiffs failed in both cases to meet their burden of establishing that the class action should be maintained. *Rossin, supra; Cook County College Teachers Union, Local 1600, A.F.T., supra; Borwick v. Bober,* 34 Colo. App. 423, 529 P.2d 1351 (1974). We therefore find no abuse of discretion by the trial court in denying the maintainability of the class actions based on the pleadings alone, and in dismissing that phase of the cases.

The judgment is affirmed.

MR. JUSTICE GROVES and MR. JUSTICE CARRIGAN do not participate.