599 P.2d 950 (1979)
SaBELL'S, INC., a Colorado Corporation, Plaintiff-Appellant,
v.
Jane FLENS, Defendant and Third-Party Plaintiff-Appellee,
v.
Louise OLDHAM, Defendant and Third-Party Defendant-Appellee.
No. 78-921.
Colorado Court of Appeals, Div. II.
May 3, 1979.
Rehearing Denied May 24, 1979.
Certiorari Granted August 20, 1979.
*951 David L. Kofoed, P.C., Roger T. Castle, Denver, for plaintiff-appellant.
Michael J. Barbo, Denver, for defendant and third-party plaintiff-appellee.
Yegge, Hall & Evans, Gail A. Laxalt, Denver, for defendant and third-party defendant-appellee.
ENOCH, Judge.
Plaintiff sued for damages incurred when a horse, owned by defendant Jane Flens and boarded by defendant Louise Oldham, trespassed on plaintiff's land and destroyed part of plaintiff's nursery stock. The trial court granted defendants' motions for judgment on the pleadings, and plaintiff appeals. We affirm.
For purposes of this review we accept as true the allegations in plaintiff's complaint. Plaintiff, a landscape contractor, maintained a plant, shrub, and tree nursery on its property. The adjoining property was owned by defendant Oldham and was used by her as a horse pasture. The two properties were separated by a fence which Oldham negligently erected and maintained. On January 8, 1976, Flens's horse trespassed on plaintiff's property causing damage. The location of the property is not identified.
Plaintiff pled two claims for relief against each defendant based on theories of strict liability and negligence. The complaint alleged that defendant Flens was negligent for failing to contain and control the horse and for failing to prevent the horse from entering plaintiff's premises. Plaintiff charged that Oldham was under a duty to provide and maintain an appropriate fence to keep the horse from trespassing and that Oldham's failure to do so constituted negligence.
Under the common law of Colorado, and contrary to the English common law relied on by plaintiff, owners of livestock could range them at will, and owners of land could recover for damage to crops caused by the negligence of livestock owners only if the damaged land was enclosed by an adequate fence. Morris v. Fraker, 5 Colo. 425 (1880).
In any event, the "Colorado Fence Law," § 35-46-102, C.R.S. 1973, has superseded the common law. By the terms of that statute a person whose property has been damaged cannot recover for a trespass by livestock unless, at the time of the trespass, the complaining party has maintained in good repair a lawful fence to protect his property. The owner of the livestock is under no statutory duty to fence in his livestock. See Williamson v. Fleming, 65 Colo. 528, 178 P. 11 (1918). If no lawful fence exists, the owner of the livestock, here Flens, is not responsible for nonwillful trespass causing damage to vegetation. Bolten v. Gates, 105 Colo. 571, 100 P.2d 145 (1940).
We also concur with the trial court's interpretation of the statute as it relates to defendant Oldham. Although the statute is couched in terms of owners of livestock, in a situation such as this one, the bailee of the animal, Oldham, stands in the same position in respect to liability for trespass as does the owner-bailor. The bailee has a "special property or possessory interest in the subject matter, which is equivalent to, or in the nature of, actual ownership except as against his bailor." 8 C.J.S. Bailments 20b. Here, the bailee possessed sufficient attributes of ownership in the horse to bring that ownership within the scope, intent, and purpose of § 35-46-102, C.R.S. 1973. See also Bauldry v. Hall, 174 F.2d 379 (8th Cir. 1949). Therefore we agree with the trial court's conclusion that plaintiff could not prevail against either defendant on any one of the theories pled.
*952 Plaintiff argues that he was entitled to contest defendants' allegation that he had not maintained a lawful fence in conformity with the statute, and therefore the trial court erred in entering judgment on the pleadings. We do not agree.
Initially, plaintiff contends that the court's judgment should be considered as only a dismissal of the complaint for failure to state a claim for relief, whereas defendants urge the judgment is more in the nature of a summary judgment. C.R.C.P. 12(c), which governs in an action for judgment on the pleadings, states:
"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." (emphasis added)
Thus, after an answer has been filed, as in this case, the appropriate motion is for a judgment on the pleadings. But if affidavits are filed, the judgment will be denominated a summary judgment. See Van Schaack v. Phipps, 38 Colo.App. 140, 558 P.2d 581 (1976).
The pleadings of the parties frame the material issues of the action. In rulings on a motion for judgment on the pleadings, the allegations of the opposing party's (here plaintiff's) pleadings are considered as true. Strout Realty, Inc. v. Snead, 35 Colo.App. 204, 530 P.2d 969 (1969). If he wishes to plead inconsistent allegations, liberal amendment provisions give him ample opportunity to give notice of inconsistent theories prior to judgment. C.R.C.P. 15. If on a pre-trial motion he wishes to raise matters outside the pleadings he may do so by affidavit before the hearing. C.R.C.P. 12 and 56. But if the moving party asserts a basis for judgment which is not controverted by the opposing party, then the moving party is entitled to judgment.
Here, plaintiff's complaint contained no allegation that it had properly maintained the fence. In fact, plaintiff's only pertinent allegation in this regard was that Oldham had negligently erected and maintained the fence. Even after defendants asserted the defense afforded by the fence law plaintiff filed no reply, amendment, or affidavit alleging that it had properly maintained the fence until after the hearing on the motion. See C.R.C.P. 12 and 15. Failure to present the issue to the trial court before judgment bars plaintiff now from raising it on appeal. Levine v. Empire Savings & Loan Ass'n, 40 Colo.App. 285, 579 P.2d 642 (1977), aff'd, Colo. 592 P.2d 410 (1979); Fallis v. Zurich Insurance Co., 28 Colo.App. 235, 472 P.2d 174 (1970).
Judgment affirmed.
SILVERSTEIN, C. J., concurs.
BERMAN, J., dissents.
BERMAN, Judge, dissenting:
I dissent. I do not believe that the fence law, § 35-46-102, C.R.S. 1973, was meant to apply in metropolitan areas.
"The guiding light in construing statutes is the intent of the legislature." Conrad v. City of Thornton, 190 Colo. 444, 553 P.2d 822, 826 (1976). And if "absurd consequences would result from a literal interpretation of terms and words used [in a statute] . . . the intention of the framers will prevail over such a literal interpretation." People v. Silvola, 190 Colo. 363, 547 P.2d 1283, cert. denied, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976). See also § 2-4-201, C.R.S. 1973, wherein the General Assembly has stated that, "In enacting a statute, it is presumed that . . a just and reasonable result is intended . . .."
In 1957, the General Assembly adopted what is now § 35-47-101, C.R.S. 1973, which makes it a crime to permit horses to run at large in cities or towns. This provision clearly indicates an intent on the part of the General Assembly to exempt metropolitan areas from the law of the open range, as enacted in the fence law which was originally adopted in 1885. A similar *953 result was reached twenty-seven years ago by the Supreme Court of Wyoming in Sowers v. Corthell, 69 Wyo. 215, 240 P.2d 891 (1952).
Regardless of whether a trial court is acting upon a motion to dismiss for failure to state a claim, a motion for judgment on the pleadings, or a motion for summary judgment, the court must take judicial notice of the statutes of its own state, Celebrities Bowling, Inc. v. Shattuck, 160 Colo. 102, 414 P.2d 657 (1966), and they need not be pleaded. McConathy v. Deck, 34 Colo. 232, 82 P. 702 (1905).
Furthermore, it is absurd to require a landowner in a city to encircle his property with a "well-constructed three barbed wire fence," § 35-46-101(1), C.R.S. 1973, before he can recover for property damage caused by a trespassing horse.
For these reasons, I would reverse the judgment and reinstate plaintiff's complaint.