BERCO RESOURCES, INC., a Wyoming corporation, and Western Exploration and Production Co., a Wyoming corporation, Plaintiffs–Appellants,

v.

The LOUISIANA LAND AND EXPLORATION COMPANY, a Maryland corporation, Defendant–Appellee.

No. 89CA1290.

Colorado Court of Appeals, Div. I.

Aug. 9, 1990.

Rehearing Denied Sept. 6, 1990.

Certiorari Denied Feb. 25, 1991.

Hill & Robbins, P.C., Robert F. Hill, Karen A. Tomb, Ronald L. Wilcox, Denver, for plaintiffs-appellants.

Holme Roberts & Owen, Donald K. Bain, Marla J. Williams, Cheryl L. Post, Denver, for defendant-appellee.

Opinion by Judge CRISWELL.

Plaintiffs, Berco Resources, Inc., and Western Exploration and Production Co., appeal from the trial court's denial of class action status to their complaint against defendant, The Louisiana Land and Exploration Co. (LL & E). They assert that the materials submitted to the court on this issue established, as a matter of law, their right to maintain a class action. We disagree and affirm.

Each plaintiff was a party to an operating agreement with LL & E relating to the so-called "Boss" oil well, and Berco was also a party to such an agreement with respect to the "Pederson" well. All three agreements incorporated a provision adopting accounting and pricing procedures approved by the Council of Petroleum Accountants Societies of North America (COPAS). The incorporation of such procedures was accomplished by an exhibit to each contract in a form that is commonly used for this purpose by oil well operators in the industry.

Plaintiffs assert that certain accounting and pricing procedures for tubular goods adopted by LL & E were contrary to the COPAS provision and resulted in LL & E making greater demands for payment upon plaintiffs under their agreements than would have been made were the COPAS procedures followed. In addition, plaintiffs claim that there are more than 200 persons who are parties to one or more oil and gas

operating agreements with LL & E which also contained the COPAS accounting provision. They sought, therefore, to maintain a class action under C.R.C.P. 23(b)(3) and to represent those other persons as the representatives of the class in order to have the trial court interpret the COPAS provision in a uniform manner.

In describing the class that it sought to have certified, plaintiffs recognized that some specific operating agreements, all of which had been individually negotiated, might contain a modification to the COPAS provision, or might contain some other unique contractual language, not common to the class, that would affect the interpretation of that particular agreement. They sought, therefore, to include within the class only those persons whose operating agreements contained the COPAS provision in its unmodified form, to the end that a common interpretation would be applicable to all such agreements.

■ The trial court, after reviewing various evidentiary materials from the parties, denied plaintiffs' request for class certification. In doing so, the court grounded its decision upon several bases. While we do not determine the validity of each basis of the court's decision, we do conclude that no clear error occurred in its determination that plaintiffs' claims were not "typical" of the claims of the class. Therefore, the denial of class certification must be affirmed.

■ A class action advocate bears the burden of demonstrating that the claims being asserted may properly be accorded class action treatment. *Levine v. Empire Savings & Loan Ass'n*, 197 Colo. 293, 592 P.2d 410 (1979); *Kniffin v. Colorado Western Development Co.*, 622 P.2d 586 (Colo. App.1980). Thus, before a plaintiff may have one or more of its claims treated as class claims it must initially demonstrate that the numerosity, commonality, typicality, and adequacy of representation requirements of C.R.C.P. 23(a) are met. *See Villa Sierra Condominium Ass'n v. Field Corp.*, 787 P.2d 661 (Colo.App.1990).

Further, a trial court's determination whether the action should be accorded class treatment may not be set aside, unless that determination constitutes "clear error." *Friends of Chamber Music v. Denver*, 696 P.2d 309 (Colo.1985).

Here, each of the three operating agreements between plaintiffs and LL & E were executed at a time after drilling operations had commenced. As of the date that each of the agreements was executed, plaintiffs were aware of the accounting and pricing practices of LL & E about which they now complain. In addition, each of the agreements was accompanied by a written authorization for expenditures (AFE) which reflected future anticipated costs of tubular goods, calculated in the manner that plaintiffs now claim is improper. Further, with respect to the Pederson well, plaintiff Berco appears to have specifically agreed that the future anticipated costs stated on the AFE were reasonable.

Given these circumstances, LL & E contends that, whatever the meaning that might otherwise be accorded the COPAS accounting provision, plaintiffs have accepted the costs reflected on the AFEs associated with these agreements, and at least to this extent, the AFEs and the parties' actions with reference thereto have modified the COPAS provision. And, in light of these circumstances and LL & E's contentions with respect thereto, it appears that the threshold, and possibly the primary, issue to be determined with reference to plaintiffs' agreements is whether plaintiffs have accepted LL & E's accounting procedures by their execution of these AFEs or whether the terms of those AFEs must necessarily be construed to modify the standard COPAS provision.

At the same time, plaintiffs have failed to demonstrate that the other class members executed their operating agreements with LL & E after they were aware of LL & E's accounting procedures or that such agreements were accompanied by AFEs containing essentially the same terms as were contained in the AFEs signed by plaintiffs.

Under this state of the record, therefore, we conclude that, irrespective of the validi-

ty of any of the other reasons given by the trial court for its refusal to certify a class, the record supports the trial court's conclusion that plaintiffs failed to demonstrate that the claims asserted by them were "typical" of the claims allegedly possessed by other class members. Hence, such conclusion does not constitute clear error. *See Taylor v. Safeway Stores, Inc.*, 524 F.2d 263 (10th Cir.1975) ("Any inquiry into typicality under [Fed.R.Civ.P.] 23(a)(3) requires a comparison of the claims or defenses of the representative with the claims or defenses of the class."); *Jamerson v. Board of Trustees*, 80 F.R.D. 744 (N.D.Ala.1978) ("[W]here the would-be representative brings into the controversy considerations unique to that individual, which may be conclusive as well, such a plaintiff is not typical and cannot be certified as a class representative.").

Judgment affirmed.

PIERCE and HUME, JJ., concur.