Mr. and Mrs. Lowell E. ACKMANN, et al., Plaintiffs-Appellees and Cross-Appellants,

and

Mr. and Mrs. Roy Kopeikin and Mr. and Mrs. Philip Wangelin, Plaintiffs and Cross-Appellants,

v.

MERCHANTS MORTGAGE & TRUST CORPORATION, Defendant-Appellant and Cross-Appellee.

No. 78–795.

Colorado Court of Appeals, Div. II.

Sept. 9, 1982.

As Modified on Denial of Rehearings Oct. 21, 1982.

Certiorari Granted Feb. 28, 1983.

Certiorari Denied Feb. 28, 1983.

Davis, Miner & Barnhill, George F. Galland, Jr., Chicago, Ill., Arthur L. Fine, Denver, for plaintiffs-appellees and cross-appellants.

Davis, Moorhead & Ceriani, P.C., Gary J. Ceriani, Denver, for defendant-appellant and cross-appellee.

STERNBERG, Judge.

Following remand from the Colorado Supreme Court, we now address issues not discussed in earlier stages of this appeal. We affirm the judgment of the trial court on all issues.

Plaintiffs purchased undeveloped lots from the Woodmoor Corporation and executed promissory notes secured by deeds of trust in partial payment for their lots. Woodmoor sold the notes to Merchants Mortgage Trust Corporation. Woodmoor failed to make the promised improvements and filed a petition in bankruptcy. Plaintiffs then stopped making payments on their promissory notes and sought a judgment declaring that they were not liable to Merchants on their promissory notes.

Plaintiffs contended that Woodmoor's conduct violated the securities law of Colorado and of the United States and the Interstate Land Sales Full Disclosure Act (ILSFDA), and constituted common law fraud and breach of contract. They further alleged that Merchants was not a holder in due course of their promissory notes and that Merchants took those notes subject to the defenses that the plaintiffs could have asserted against Woodmoor. Merchants counterclaimed to collect the full amount of the promissory notes that it had purchased.

The plaintiffs moved for class certification pursuant to C.R.C.P. 23 to represent others who were in the same situation. The trial court entered an order denying their motion for class certification. The 40 individual plaintiffs then continued the action in their individual capacities. All but four plaintiffs testified at the trial.

The trial court granted Merchants' motion for a directed verdict, dismissing the plaintiffs' ILSFDA claims. The trial court also granted a directed verdict against the four plaintiffs who failed to testify, concluding that there was insufficient evidence to establish the existence of a defense for fraudulent concealment to their promissory notes. However, the fraudulent concealment claims of the remaining 36 plaintiffs were submitted to the jury, which returned verdicts in favor of the plaintiffs. Plaintiffs were awarded damages and a cancellation of the unpaid principal and interest of the promissory notes.

This court reversed, *Ackmann v. Merchants Mortgage & Trust Co.*, 44 Colo.App. 345, 619 P.2d 501 (1980), holding that Merchants should also have been granted a directed verdict on the plaintiffs' fraudulent concealment claims because the plaintiffs had not shown that Woodmoor concealed known present or past facts which made non-performance almost certain when it committed itself to install improvements in the future. In turn the Supreme Court reversed the decision of this court, *Ackmann v. Merchants Mortgage & Trust Co.*, 645 P.2d 7 (Colo.1982), and remanded the case to this court for further proceedings to resolve other issues raised in the appeal and cross-appeal.

The remaining issues include the plaintiffs' contention that their motion for class certification should have been granted, the cross-appellants' challenge to the directed verdict entered against them because of deficiencies in proof resulting from their failure to testify, Merchants' claim that the trial court erred in not granting its motion for a directed verdict based upon its asserted status as a holder in due course, and

Merchants' argument that the plaintiffs received what was in effect a double recovery of damages. We affirm the judgment of the trial court on all issues except that relating to damages.

## I. CLASS ACTION CERTIFICATION

■ Merchants contends that plaintiffs may not raise the issue of class action certification as it was not included in their motion for new trial or in a motion to alter or amend the judgment. C.R.C.P. 59(h) provides that the party claiming error may appeal without the necessity of filing a motion for new trial or a motion to alter or amend a judgment when a final judgment is entered after any hearing not involving controverted issues of fact. And, a motion for a new trial is not required when a trial court rules on the issue of class action certification following the presentation of briefs and oral arguments. *Levine v. Empire Savings & Loan Ass'n,* 40 Colo.App. 285, 579 P.2d 642 (1977), *aff'd,* 197 Colo. 293, 592 P.2d 410 (1979). Here, in contrast, defendants properly raised the issue of the insufficiency of allegations supporting a class action and the plaintiffs failed to amend their complaint prior to the trial court's ruling on defendant's motion. Thus, plaintiffs are precluded from raising the certification issue on appeal. *Levine, supra.*

Here, plaintiffs alleged class action status by copying the provisions of C.R.C.P. 23(a) and (b) into paragraph two of their complaint. They later filed a motion for class action determination. Defendant moved to strike the class action allegations contained in paragraph two of plaintiffs' complaint. After review of the file and of the briefs, the trial court issued an order denying class certification. At no time did plaintiffs request the right to amend their complaint. Therefore, they are precluded from raising the issue of class certification on appeal.

## II. DISMISSAL OF NON–TESTIFYING PLAINTIFFS' CLAIMS

■ Of the 40 plaintiffs who brought suit individually, four, the Kopeikins and the Wangelins, did not testify. These plaintiffs alleged that the trial court erred in directing a verdict against them. Ordinarily, where a party fails to testify regarding facts and circumstances which appear to be material to the case which the party is attempting to establish, the inference may be made that the party refrained from testifying because the truth, if made to appear, would not aid that party's contention. *Commercial Standard Insurance Co. v. Rinn,* 100 Colo. 76, 65 P.2d 705 (1937); *Campbell v. Creighton,* 63 Colo. 478, 167 P. 975 (1917). However, these plaintiffs contend that personal testimony by them was not necessary to establish the reliance element for defense of fraudulent concealment.

In *Morrison v. Goodspeed,* 100 Colo. 470, 68 P.2d 458 (1937), the Supreme Court inferred that, as a matter of law, there had been reliance by the plaintiff who, by the time of trial, was deceased. However, there the threshold burden of proving concealment of the insolvency of the defendant investment company had been met. Indeed, the defendants in *Morrison* admitted in their answer that they knew of their company's insolvency and that the plaintiff did not know of its financial situation. Therefore, it was concluded that there was reliance by plaintiff as well as the fact that he would have acted differently had he known the concealed facts.

■ In contrast, here defendant did not admit that Woodmoor concealed a material fact. The four plaintiffs presented no evidence as to what was told to them, whether they relied thereupon, and what was concealed from them. Therefore, the trial court did not err in directing a verdict against them on the basis that there was insufficient or no evidence to establish the existence of a defense of fraudulent concealment to their promissory notes.

## III. HOLDER IN DUE COURSE

■ Merchants contends that it is a holder in due course and that the trial court erred in not granting its motion for a di-

rected verdict based on that status. In this regard Merchants denies that it had actual knowledge of the fraudulent concealment defense to the promissory notes.

A holder in due course is "a holder who takes the instrument: (a) [f]or value; and (b) [i]n good faith; and (c) [w]ithout notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person." Section 4–3–302(1), C.R.S.1973. Under § 4–3–304(1)(b), C.R.S. 1973, the purchaser of a note has notice of a claim or defense if "[t]he purchaser has notice that any obligation of the party is voidable in whole or in part, or that all parties have been discharged . . . ." And a person has notice of a fact when: "(a) [h]e has actual knowledge of it; or . . . (c) [f]rom all the facts and circumstances known to him at the time in question he has reason to know that it exists . . . ." Section 4–1–201(25), C.R.S.1973. One of the tests used in resolving the issue of whether a holder is a holder in due course "is whether the holder had in his possession facts from which he had reason to know of the defenses at the time in question." *Salter v. Vanotti,* 42 Colo.App. 448, 599 P.2d 962 (1979).

Testimony regarding the facts and circumstances giving reason for Merchants to know of a defense included the conveyance of information to Merchants about Woodmoor's cash flow problems in 1972, Woodmoor's search for other development loans, Woodmoor's request to Merchants for cash before it delivered the security for it, Merchants awareness of the slowdown in sales in late spring 1973, and Merchants awareness of the contents of Woodmoor's sales literature and property reports. There was sufficient evidence presented to allow the jury to conclude that Merchants had facts in its possession from which it had reason to know of a defense at the time in question. Therefore, the trial court correctly denied defendant's motion for a directed verdict on the issue of its asserted status as a holder in due course.

## IV. DAMAGE AND RETENTION OF TITLE TO LOTS

Merchants contends that the trial court erred in allowing the plaintiffs simultaneously to retain their lots and to obtain restitution of the amounts paid to purchase those lots. We do not agree.

 One who has been induced by fraud to enter into a contract, has the choice either to rescind the contract, tendering back what he has received, or to affirm the contract and recover damages. *Stoner v. Marshall,* 145 Colo. 352, 358 P.2d 1021 (1961). Damages can be ascertained by determining the difference between the value of the property as it actually existed on the day of the sale and its value as it was represented to be. *Herfort v. Cramer,* 7 Colo. 483, 4 P. 896 (1884). There was competent evidence here that the lots in question were worth significantly less than they were represented to be at the time of purchase. The jury's special verdicts were, therefore, correct in awarding the plaintiffs monies paid and cancelling the unpaid principal and interest of the promissory notes, while allowing them to keep the lots. This did not constitute double reimbursement because plaintiffs did not recover all monies they had paid; the downpayment to Woodmoor and interest paid to Merchants' assignee were not recovered.

The other contentions of error are without merit.

The judgment is affirmed.

SMITH and KELLY, JJ., concur.