Mr. and Mrs. Roy **KOPEIKIN** and Mr. and Mrs. Philip **Wangelin**, Petitioners,

v.

**MERCHANTS MORTGAGE AND TRUST CORPORATION, Respondent.**

No. 82SC381.

Supreme Court of Colorado,
En Banc.

April 2, 1984.

Arthur L. Fine, Denver, George F. Galland, Jr., Davis, Miner, Barnhill & Galland, Chicago, Ill., for petitioners.

Gary J. Ceriani, Davis & Ceriani, P.C., Denver, for respondent.

DUBOFSKY, Justice.

We granted certiorari to review the Court of Appeals' affirmation of a directed verdict entered by the Arapahoe County District Court against the petitioners on a fraudulent concealment claim. The Court of Appeals held that since the petitioners did not testify personally at trial, the evidence was insufficient to establish their claim. *Ackmann v. Merchants Mortgage & Trust Corp.*, 659 P.2d 697 (Colo.App. 1982). We reverse the judgment of the Court of Appeals.

This is the second time this case has been before us. *See Ackmann v. Merchants Mortgage & Trust Corp.*, 645 P.2d 7 (Colo. 1982) for factual detail. Briefly, the case stems from the 1974 financial collapse of the Woodmoor Corporation (Woodmoor). The forty plaintiffs purchased lots at Woodmoor's Stagecoach development near Steamboat Springs, Colorado. Woodmoor sold the promissory notes, signed by the plaintiffs in partial payment for the lots, to the defendant, Merchants Mortgage & Trust Corporation (Merchants). After Woodmoor filed a petition in bankruptcy, it became clear that the Stagecoach project would not be completed. When Merchants insisted upon payment on the notes, the plaintiffs sued, seeking invalidation of the notes and other relief. The plaintiffs contended that they were excused from liability on the notes because Woodmoor fraudulently concealed its financial troubles. Merchants counterclaimed for payments due on the notes.

At trial, all but four plaintiffs personally testified that they were not informed of Woodmoor's financial difficulties and would not have bought their lots had they known. One plaintiff testified that he was present at the sales presentation given to two of the plaintiffs who did not testify at trial, Roy and Karen Kopeikin. The other two plaintiffs who did not testify, Philip and Kay Wangelin, introduced into evidence the sales literature they received from Woodmoor. The district court directed a verdict against the four plaintiffs on the basis that, because they did not testify, there was no evidence of their reliance on Woodmoor's apparent financial health to establish fraudulent concealment, and awarded Merchants judgment on the notes signed by the four plaintiffs, the petitioners here.[1]

The jury returned a special verdict in favor of the remaining plaintiffs, finding

1. The petitioners alleged that, at the time of trial, Roy Kopeikin was employed in Paris, France, and Philip Wangelin was employed in a suburb of Baltimore, Maryland.

that Woodmoor fraudulently concealed its financial difficulties and that Merchants was not a holder in due course of the plaintiffs' notes. Under the verdict, all the plaintiffs, except the petitioners, and two others for reasons not relevant here, were entitled to reimbursement from Merchants for principal payments previously made on the notes. The Court of Appeals held that the plaintiffs had not proved fraudulent concealment. *Ackmann v. Merchants Mortgage & Trust Corp.*, 44 Colo.App. 345, 619 P.2d 501 (1980). We reversed the Court of Appeals' holding and remanded the case for resolution of the other issues on appeal. *Ackmann v. Merchants Mortgage & Trust Corp.*, 645 P.2d 7 (Colo.1982). On remand the Court of Appeals affirmed the district court's judgment, including the directed verdict against the four petitioners. The appellate court stated that, because the petitioners failed to testify about what Woodmoor employees told them or did not tell them, as well as what they relied upon, the evidence was insufficient to establish fraudulent concealment. We granted certiorari to review the disposition of the four petitioners' appeal and now reverse.[2]

▰ In general, a party asserting a claim in tort has the burden of proving that claim by a preponderance of the evidence. Section 13–25–127, C.R.S. Once the party asserting a claim establishes a prima facie case, the burden of going forward to present rebuttal evidence rests with the opposing party, although the burden of proof does not shift. *Judkins v. Carpenter*, 189 Colo. 95, 537 P.2d 737 (1975). The issue presented by a motion for a directed verdict is whether the jury reasonably and permissibly could conclude that the proponent of a claim has established each element of that claim by a preponderance of the evidence.

▰ In this case, the defendant asserts that because the petitioners did not testify as to what was or was not told them, they could not have proved fraudu-

lent concealment by a preponderance of the evidence. However, the petitioners did present significant circumstantial evidence. Thirty-six co-plaintiffs testified as to what Woodmoor employees told and did not tell them—testimony which could give rise to an inference that the employees' statements to potential buyers followed a pattern. *See Osterberger v. Hites Construction Co.*, 599 S.W.2d 221 (Mo.App.1980) (fraud may be shown by circumstantial evidence including evidence of other similar transactions in the course of a systematic way of doing business). The petitioners also presented evidence establishing at least some of what was told them. The Wangelins introduced Woodmoor sales pamphlets containing an optimistic description of the company's financial health, and the Kopeikins presented testimony of a co-plaintiff who was present during a sales presentation to them. We believe a jury reasonably could infer that a party who fraudulently concealed material facts from 36 potential buyers likewise concealed those facts from four other similarly situated buyers.

▰ The Court of Appeals' opinion establishes a per se rule requiring either direct evidence or an admission from the defendant in order to prove fraudulent concealment. The elements of fraudulent concealment, as set out in the leading case, *Morrison v. Goodspeed*, 100 Colo. 470, 68 P.2d 458 (1937), are: (1) concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages. *See also Ackmann v. Merchants Mortgage & Trust Corp.*, 645 P.2d 7 (Colo.1982). In order to prevail on a claim of fraudulent concealment, a plaintiff must show that a defendant actually knew of a material fact

---

**2.** After this appeal commenced, Philip Wangelin filed a voluntary petition in bankruptcy. His

debt to Merchants was discharged in the bankruptcy proceeding.

that was not disclosed and that the defendant's intent was to cause the plaintiff to act differently than he might otherwise have done if the information had been disclosed. *Id.* at 13.

 We have held repeatedly that fraud may be inferred from circumstantial evidence. *See, e.g., Zimmerman v. Loose,* 162 Colo. 80, 425 P.2d 803 (1967); *Hinshaw v. Hinshaw,* 148 Colo. 262, 365 P.2d 815 (1961); *In re Holmes' Estate,* 98 Colo. 360, 56 P.2d 1333 (1936). *See also Wilbourn v. Mostek Corp.,* 537 F.Supp. 302 (D.Colo. 1982). Direct evidence of reliance, one of the elements of fraudulent concealment, is not required. *Morrison v. Goodspeed,* 68 P.2d 458. It was error for the district court to direct a verdict for merchants on the sole basis of the petitioners' failure to personally testify.

We therefore reverse the judgment of the Court of Appeals and direct that this case be remanded to the district court for further proceedings[3] on the petitioners' fraudulent concealment claims.

KIRSHBAUM, J., does not participate.

---

**3.** The petitioners request that we order judgment entered in their favor upon remand, arguing that their case has already been established. However, their claims were dismissed at the close of the plaintiffs' case, so the defendant had no opportunity to put on any evidence that it might have had to contradict their specific claims.