ELK RIVER ASSOCIATES, a Colorado limited partnership, Donald W. Cook and Eugene Frink, as general partners of Elk River Associates and as limited partners of Elk River Associates, Donald W. Cook and Eugene Frink as representative parties in behalf of the class of persons who are limited partners of Elk River Associates, to-wit: Fred J. Beck, Jack R. Smolenski, Rex Willoughby, Eugene H. Frink, John Armstrong, Bernard T. Witkin and Sharon Witkin as joint tenants, Robert W. Echter, Echters Greenhouses, Inc., Employees Pension Trust, C. Grant Wilkins, Merrimax Co., J.C. McBride, Managing Partner, James G. McBride, Robert R. Spencer, Joseph O. Broughton, M.D., Jerry D. Tice, John F. Fox, Hugh W. Taylor and Penny S. Taylor as joint tenants, Donald W. Cook, Ernest M. Bond, Jr. and Elinor B. Bond as joint tenants, Frederick A. Dunn and Helen J. Dunn as joint tenants, Gilbert C. Frye and Elizabeth C. Frye as joint tenants, Clarence A. Nolph and Joan D. Nolph as joint tenants, and Thomas I. Weston, Plaintiffs-Appellants and Cross-Appellees,

v.

J. David HUSKIN and Huskin & Co., Defendants-Appellees and Cross-Appellants.

No. 81CA1073.

Colorado Court of Appeals, Div. I.

June 14, 1984.

Rehearing Denied July 26, 1984.

Butler, Landrum, Pierce & Turner, P.C., Robert G. Pierce, Lakewood, for plaintiffs-appellants and cross-appellees.

Hamil & Hitt, P.C., J. Lawrence Hamil, Denver, for defendant-appellee and cross-appellant J. David Huskin.

Head, Moye, Giles & O'Keefe, John E. Moye, Denver, for defendant-appellee and cross-appellant Huskin & Co.

BABCOCK, Judge.

Following trial to a jury in this class action, special verdicts were returned in favor of plaintiffs and against defendant Huskin and Company (Company) on plaintiffs' claims for deceit based on fraud arising from false representations and from concealment or nondisclosure of material facts in connection with the offering for sale of limited partnership units in Elk River Associates (limited partnership). Plaintiffs also prevailed on their claim against the Company and defendant J. David Huskin (Huskin) for constructive fraud based on breach of confidential relationship. Damages in the amount of $236,400, representing the difference between the actual value of the property as of January 28, 1972, and its value had the representations been true or the nondisclosed facts not existed, were awarded to plaintiffs.

After hearing post-trial motions, the trial court entered judgment in favor of those plaintiffs who testified at trial and against the Company in the amount of $166,793.33 on plaintiffs' claims for actual fraud. Judgment notwithstanding the verdict was granted in favor of the Company and Huskin on plaintiffs' claims of constructive fraud on the ground that such claims were barred by the applicable statute of limitation. Plaintiffs appeal, challenging the amount of damages awarded to plaintiff C. Grant Wilkins, the dismissal of the nontestifying plaintiffs' claims, and the propriety of the trial court's entry of judgment notwithstanding the verdict on their constructive fraud claims. Huskin and the Company cross-appeal raising numerous contentions of error. We affirm in part, reverse in part, and remand with directions.

## I.

On December 1, 1982, the Company filed a motion to dismiss plaintiffs' appeal on the ground that plaintiffs had accepted the benefits of the judgment entered by the trial court. The motion was denied without opinion, but with leave to renew it upon oral argument. The motion, having been renewed and reconsidered, is hereby denied.

■ The general rule is that a party who has accepted the benefit of a judgment may not seek reversal of that judgment on appeal. *In re Marriage of Jones*, 627 P.2d 248 (Colo.1981); *Farmers Elevator Co. v. First National Bank*, 181 Colo. 231, 508 P.2d 1261 (1973). Underlying this rule is the possibility that the appeal may lead to a result showing that the party is not entitled to what he has received under the judgment from which appeal is taken. *In re Marriage of Jones, supra; Wilson v. Auto Owners Ass'n*, 152 Colo. 431, 382 P.2d 815 (1963). However, if the provisions of the judgment from which the appeal is taken are not mutually dependent on those provisions from which the party has accepted benefits, and reversal of the former will not require reversal of the latter, an appeal may lie. *Paulu v. Lower Arkansas Valley Council*, 655 P.2d 1391 (Colo.App.1982); *see In re Marriage of Jones, supra.*

■ Here, plaintiffs seek reversal of the trial court's entry of judgment notwithstanding the verdict on their claim of constructive fraud. Reversal of this judgment will not require that the judgment entered upon jury verdicts on plaintiffs' claims for actual fraud also be reversed. Therefore, plaintiffs' attempt to execute the judgment entered with respect to their claims for actual fraud does not bar appeal of their constructive fraud claims. And, since the appeal of matters relating to those plaintiffs who did not testify at trial and to the amount awarded to plaintiff Wilkins will not require reversal of the judgment in favor of the remaining plaintiffs on their actual fraud claims, they are properly before us on appeal.

## II.

This matter is before us on an agreed statement of facts. In the fall of 1971, Huskin and the Company decided to purchase real property for syndication by offering limited partnership units to investors. On December 22, 1971, the Company conducted a sales meeting during which its salesmen were given oral and written information concerning the property as well as the limited partnership. The written information consisted of a "preliminary offering circular or information sheet" prepared by an officer of the Company which was to be used in contacting investors, but not to be distributed to them. The initial offer and sale of units of the limited partnership commenced that day and continued through May 1972.

On January 24, 1972, the limited partnership "offering circular" was sent to those who had purchased units, plaintiffs herein. The information contained in the offering circular, together with that contained in the preliminary offering circular or information sheet, forms the basis of plaintiffs' complaint, *i.e.*, misrepresentations as to access to the property, topography of the property, exclusions from the property, and nondisclosure or concealment of an easement in favor of the Colorado Game, Fish and Parks Commission.

When sale of the units commenced, Huskin and the Company were named as the proposed general partners of the limited partnership. The certificate of limited partnership was not signed by them until January 25, 1972; from that time until July 22, 1974, they remained general partners. However, in September 1973, the Company was placed in receivership and its records were given to the Company's receiver. In March 1975, these records were turned over to certain plaintiffs, and in 1976, two of the plaintiffs became general partners.

In July 1973, plaintiffs made an additional capital contribution to the limited partnership in the amount of approximately $41,000; in July 1974, another capital contribution of approximately $22,000 was

made to the Company's receiver. Following removal of Huskin and the Company as general partners and termination of the receivership, plaintiffs continued to make capital contributions to the limited partnership. These contributions, some of which were made after discovery of the alleged fraud, were used to pay expenses of the limited partnership and amounts due on the note secured by the deed of trust on the property owned by the limited partnership.

Following commencement of this class action on March 10, 1976, the limited partnership sold the property to a third party, leaving the limited partnership with a promissory note secured by a deed of trust as its only asset. The proceeds of the sale, approximately $34,000, were distributed to plaintiffs. Thereafter in October 1980, plaintiffs' claims were tried to a jury.

## A.

The jury was instructed that a confidential relationship existed between plaintiffs and defendants. However, following hearing on the post-trial motions, the trial court determined that had it not granted defendants' motion for judgment notwithstanding the verdict, it would have granted defendants' motion for new trial on the basis that it erred in instructing the jury that a confidential relationship existed as a matter of law. Plaintiffs contend that the trial court's error, if any, was in failing to instruct the jury that a fiduciary, rather than a confidential, relationship existed between the parties as a matter of law. To the contrary, defendants contend that the trial court's post-trial ruling was correct. We agree with plaintiffs.

■ Although the existence of a fiduciary or confidential relationship is generally a question of fact for the jury, *Meyer v. Schwartz*, 638 P.2d 821 (Colo.App.1981); *Breeden v. Dailey*, 40 Colo.App. 70, 574 P.2d 508 (1977), a general partner owes a fiduciary duty to the limited partners as a matter of law. *Gundelach v. Gollehon*, 42 Colo.App. 437, 598 P.2d 521 (1979). And, while formation of a limited partnership requires substantial compliance in good faith with the requirements of § 7–61–103, C.R.S. (then C.R.S.1963, 104–2–2), a fiduciary relationship between the parties to a limited partnership can attach during the negotiations which precede formal execution of the certificate of limited partnership. *See Lucas v. Abbott*, 198 Colo. 477, 601 P.2d 1376 (1979).

■ Therefore, we conclude that defendants owed a fiduciary duty as a matter of law to plaintiffs from the time that sale of limited partnership units commenced until defendants were removed as general partners of the limited partnership.

## B.

In granting defendants' motion for judgment notwithstanding the verdict, the trial court concluded that the doctrine of equitable estoppel did not apply to toll the running of the statute of limitation, § 13–80–108, C.R.S., and therefore, plaintiffs' claims of constructive fraud were barred. Plaintiffs contend that this ruling was erroneous, or in the alternative, that § 13–80–114, C.R.S., rather than § 13–80–108, C.R.S., is the applicable statute of limitation. Because a fiduciary relationship existed between the parties as a matter of law, we agree with plaintiffs' latter contention.

■ Where a fiduciary relationship exists, the five-year limitation period contained in § 13–80–114, C.R.S., applies to cases of constructive fraud rather than the three-year period of limitation set forth in § 13–80–108, C.R.S. *Security National Bank v. Peters, Writer and Christensen, Inc.*, 39 Colo.App. 344, 569 P.2d 875 (1977); *Morgan v. Dain Bosworth*, 545 F.Supp. 953 (D.Colo.1982); *see Hall v. Swan*, 117 Colo. 349, 188 P.2d 437 (1947). Here, plaintiffs' complaint was filed within the applicable five-year limitation period. Therefore, the trial court erred in granting defendants' motion for judgment notwithstanding the verdict.

## C.

■ On cross-appeal defendants contend that by continuing to make payments to the

limited partnership, plaintiffs ratified the purchase and waived the fraud as a matter of law; hence, the trial court erred by submitting the question of ratification and waiver to the jury. We disagree.

■ To sustain the defense of ratification and waiver, it must appear that the defrauded party, with full knowledge of the truth respecting the false representations, elected to continue to carry out the agreement. *Holland Furnace Co. v. Robson*, 157 Colo. 347, 402 P.2d 628 (1965); *Bankers Trust Co. v. International Trust Co.*, 108 Colo. 15, 113 P.2d 656 (1941). This determination involves questions of fact, particularly the fact of intent. *Holland Furnace Co. v. Robson, supra.* Under the agreed statement of facts submitted on appeal, we conclude that this question was properly submitted to the jury. *Holland Furnace Co. v. Robson, supra.*

■ Defendants also contend that the trial court erred in failing to submit to the jury a special verdict form concerning the facts necessary to establish ratification and waiver. The submission of special verdicts or interrogatories under C.R.C.P. 49(a) is discretionary. *Lambrecht v. Archibald*, 119 Colo. 356, 203 P.2d 897 (1949); *Felder v. Union Pacific R.R. Co.*, 660 P.2d 911 (Colo.App.1982). Here, the trial court's refusal did not constitute an abuse of discretion.

### D.

Defendants also contend that the trial court erred in failing to require plaintiffs to elect remedies upon defendants' motion at the close of plaintiffs' case. Defendants assert that the failure to require election was prejudicial in that had plaintiffs elected rescission at the close of their case, a later ruling by the trial court prohibiting rescission would have resulted in dismissal. We conclude that the error was harmless.

■ One who is induced through fraud or fraudulent representations to enter into an agreement must elect either to rescind the agreement and sue for return of money paid or to affirm the agreement and sue

for damages. *Tisdel v. Central Savings Bank & Trust Co.*, 90 Colo. 114, 6 P.2d 912 (1931). This election must be promptly made, and once made, is final. *Tisdel v. Central Savings Bank & Trust Co., supra.* The purpose of requiring election of remedies is to prevent double recovery for the wrong done. *Stewart v. Blanning*, 677 P.2d 1382 (Colo.App.1984); *Trimble v. City & County of Denver*, 645 P.2d 279 (Colo.App.1981).

■ Here, the case was submitted to the jury only as a suit for damages affirming the agreement. Therefore, the purpose of the doctrine of election of remedies, to prevent double recovery, was realized. Moreover, had plaintiffs been required to elect remedies at the close of their case, they might well have opted to affirm the agreement and sue for damages. Therefore, the claim of prejudice accruing to defendants by virtue of the trial court's failure to rule on the motion to elect remedies is speculative, and thus constitutes harmless error. C.R.C.P. 61.

### E.

Defendants next contend that the trial court erred in permitting the case to proceed as a class action because an order certifying the class of plaintiffs named in the second amended complaint was never entered. The class certification included those plaintiffs who relied upon the offering circular in purchasing their limited partnership units; as tried, the plaintiff class included those who relied upon the preliminary offering circular or information sheet as well as those who relied upon the offering circular. We conclude that this did not constitute error.

■ C.R.C.P. 23(c)(1) provides that: "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this section (c) may be conditional, and may be altered or amended before the decision on the merits." Under this rule, the trial court has the power to

alter or amend a class certification consistent with the evidence as it develops during trial. *Herm v. Stafford,* 461 F.Supp. 508 (W.D.Ky.1978). And, where a second amended complaint expands the plaintiff class but does not change the basic nature of the lawsuit, orders entered after the filing of the second amended complaint may implicitly confirm the propriety of the class action. *Herm v. Stafford, supra.*

 Here, the orders of the trial court entered subsequent to the filing of the second amended complaint, which as appears from the record before us did not alter the basic nature of the suit, included those plaintiffs who relied upon the preliminary offering circular or information sheet in purchasing their limited partnership units. Under these circumstances, we cannot conclude that the plaintiff class was so ill-defined as to require the action to proceed on an individual basis. *See* 7 C. *Wright & A. Miller, Federal Practice & Procedure* § 1760.

### F.

 Plaintiffs also assert error in the trial court's dismissal of the claims of those members of the plaintiff class who did not testify during trial. We agree with this assertion.

In *Kopeikin v. Merchants Mortgage & Trust Corp.,* 679 P.2d 599 (Colo.1984), the Supreme Court determined that the reliance element in an action for deceit based on fraud can be proved by circumstantial evidence. Here, as in *Kopeikin,* the plaintiffs who testified indicated what they were and were not told by the Company salesmen. In addition, documentary evidence containing the information on which plaintiffs relied in purchasing the limited partnership units was introduced into evidence. Accordingly, the trial court erred in dismissing the nontestifying plaintiffs' claims. *Kopeikin v. Merchants Mortgage & Trust Corp., supra.*

Moreover, the trial court's certification of a plaintiff class necessarily included a finding that common questions of law and fact existed as to the members of the class and that the claims of the testifying plaintiffs were typical of those of the nontestifying plaintiffs. C.R.C.P. 23(a)(2) and (3). Therefore, we conclude that judgment can be entered on their behalf on remand since the jury award represented the damages sustained by the plaintiff class as a whole. *Cf. Kopeikin v. Merchants Mortgage & Trust Corp., supra,* (fn. 3).

 Defendants contend, however, that the trial court's dismissal of the nontestifying plaintiffs' claims was proper in that the only evidence showing that they actually purchased limited partnership units was inadmissible hearsay. However, defendants have failed to provide an adequate record to review the basis upon which the trial court admitted this evidence; therefore, we must presume that its admission was proper. *Schuster v. Zwicker,* 659 P.2d 687 (Colo.1983).

### G.

 Defendants also contend that the trial court erred in denying their motion for judgment notwithstanding the verdict with respect to the amount of damages awarded and the method of determining those damages. Essentially, defendants urge us to apply a measure of damages which would permit recovery of the difference between the actual market value of the property at the time of the sale and the amount actually paid by the defrauded parties for the property. This we decline to do.

 The "benefit of the bargain" rule, the difference between the value of the property as it actually existed on the day of the sale and its value as it was represented to be, has long been applied as the proper measure of damages for fraud. *Herfort v. Cramer,* 7 Colo. 483, 4 P. 896 (1884); *Ackmann v. Merchants Mortgage & Trust Co.,* 659 P.2d 697 (Colo.App.1982), *rev'd on other grounds, sub nom., Kopeikin v. Merchants Mortgage & Trust Co., supra; cf. Dann v. Perrotti & Hauptman Development Co.,* 670 P.2d 448 (Colo.App.1983).

Because the jury was properly instructed as to this measure of damages and is presumed to have followed the instruction, *Lindauer v. LDB Drainlaying*, 38 Colo. App. 266, 555 P.2d 197 (1976), the trial court did not err in denying defendants' motion for judgment notwithstanding the verdict on this ground.

Because of our direction upon remand, we do not address plaintiffs' contention that the amount awarded to C. Grant Wilkins was inadequate.

### H.

■ Defendants also contend the trial court erred in awarding plaintiffs attorney fees under § 13–17–101, et seq., C.R.S. (1983 Cum.Supp.) because this action was commenced prior to the effective date of that act. We agree.

Attorney fees are awardable under § 13–17–101, et seq. C.R.S. (1983 Cum.Supp.) in appropriate civil actions commenced after July 1, 1977. *People v. Freeman*, 196 Colo. 238, 583 P.2d 921 (1978). Accordingly, plaintiffs, having filed suit in March 1976, are not entitled to attorney fees under § 13–17–101, et seq., C.R.S. (1983 Cum. Supp.).

We have reviewed defendants' remaining contentions of error and find them to be without merit.

The judgment of liability for deceit based on fraud against the Company is affirmed. The judgment is reversed and the cause is remanded with directions that the damages awarded by the jury be reinstated and apportioned among all plaintiffs according to their respective interests in the limited partnership. The trial court's judgment notwithstanding the verdict as to plaintiffs' claims based on constructive fraud is reversed and the cause is remanded with directions that the jury verdict be reinstated. The judgment awarding plaintiffs attorney fees is reversed.

PIERCE and BERMAN, JJ., concur.