**P.R., an individual, Plaintiff–Appellant,**

v.

**Ari ZAVARAS, former Director of the Colorado State Department of Corrections, in his individual capacity; Thomas Coogan, former Director for the Division of Adult Supervision, in his individual capacity; Robert C. Cantwell, former Chief of Staff of the Department of Corrections, in his individual capacity; Thomas Maddock, former parole supervisor for the Denver Department of Parole, in his individual capacity; Maureen Sullivan St. John, former parole officer for the Denver Department of Parole; Ralph Nolan, parole supervisor for the Englewood Department of Parole, in his individual capacity; Tracey Schaffer, former Case Manager of the Colorado Department of Corrections, in an individual capacity; Donald D. Alder, former member of the State Board of Parole, in his individual capacity; Veronica Carmody, former parole officer for the Denver Department of Parole, Defendants–Appellees.**

**D.M., an individual, Plaintiff–Appellant,**

v.

**Ari Zavaras, former Director of the Colorado State Department of Corrections, in his individual capacity; Thomas Coogan, former Director for the Division of Adult Supervision, in his individual capacity; Robert C. Cantwell, former Chief of Staff of the Department of Corrections, in his individual capacity; Thomas Maddock,**

former parole supervisor for the Denver Department of Parole, in his individual capacity; Maureen Sullivan St. John, former parole officer for the Denver Department of Parole; Ralph Nolan, parole supervisor for the Englewood Department of Parole, in his individual capacity; Thomas Sullivan, former parole officer for the Northeast Department of Parole; Joseph White, former parole officer for the Englewood Department of Parole, Defendants–Appellees.

R.D., an individual, Plaintiff–Appellant,

v.

Ari Zavaras, former Director of the Colorado State Department of Corrections, in his individual capacity; Thomas Coogan, former Director for the Division of Adult Supervision, in his individual capacity; Robert C. Cantwell, former Chief of Staff of the Department of Corrections, in his individual capacity; Thomas Maddock, former parole supervisor for the Denver Department of Parole, in his individual capacity; Maureen Sullivan St. John, former parole officer for the Denver Department of Parole; Anthony Cortez, former Case Manager of the Colorado Department of Corrections, in his individual capacity; Ralph Nolan, parole supervisor for the Englewood Department of Parole, in his individual capacity; Thomas P. Harvey, former member of the State Board of Parole, in his individual capacity; Louis Zorn, former parole officer for the Denver Department of Parole, Defendants–Appellees.

T.R., an individual, Plaintiff–Appellant,

v.

Ari Zavaras, former Director of the Colorado State Department of Corrections, in his individual capacity; Thomas Coogan, former Director for the Division of Adult Supervision, in his individual capacity; Robert C. Cantwell, former Chief of Staff of the Department of Corrections, in his individual capacity; Thomas Maddock, former parole supervisor for the Denver Department of Parole, in his individual capacity; Maureen Sullivan St. John, former parole officer for the Denver Department of Parole; Dale Halverstadt, former Case Manager of the Colorado Department of Corrections, in an individual capacity; Ralph Nolan, parole supervisor for the Englewood Department of Parole, in his individual capacity; Patricia Kroll, former member of the State Board of Parole, in her individual capacity; Robert Finch, former parole officer for the Denver Department of Parole, Defendants–Appellees.

Nos. 01–1532, 01–1533, 01–1534, 01–1535.

United States Court of Appeals, Tenth Circuit.

Oct. 30, 2002.

Elaine K. Stafford, Stafford & Stafford, Lakewood, CO, for Plaintiff–Appellant.

Kenneth L. Salazar, State of Colorado, Department of Law, Patrick L. Sayas, Attorney General's Office, Tort Litigation Section, Denver, CO, for Defendants–Appellees.

Before SEYMOUR, PORFILIO, and O'BRIEN, Circuit Judges.

## ORDER AND JUDGMENT.*

SEYMOUR, Circuit Judge.

After examining the briefs and appellate records, this panel has determined unani-

mously that oral argument would not materially assist the determination of these appeals. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Plaintiffs in each of these four cases appeal the dismissal of their complaints for failure to state a claim. The district court held the complaints barred by the applicable statute of limitations because plaintiffs either knew or should have discovered through the exercise of reasonable diligence the facts forming the basis for their claims. We affirm.

Plaintiffs are parolees from the Colorado Department of Corrections who were paroled to Dismas House, a privately owned halfway house in Denver. Plaintiffs each claim the executive director of the facility sexually assaulted them between 1995 and 1998 under the threat of parole revocation.

On February 16, 2001, plaintiffs filed complaints for damages pursuant to 42 U.S.C. § 1983 alleging that (1) defendants knew about instances of the executive director's past sexual misconduct, thus deliberately creating a dangerous situation for each of the plaintiffs by placing them in the halfway house; (2) defendants were deliberately indifferent by departmental policy or custom to that danger; and (3) defendants failed to supervise the executive director. In addition to these claims based on violations of § 1983 and the Fourteenth Amendment, plaintiffs alleged defendants were liable for negligence under Colorado law. Defendants moved to dismiss on several grounds, including the applicable two-year statute of limitation. Plaintiffs replied, arguing that they did not discover any of defendants' involvement with respect to the assaults until February

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

29, 2000, and that, in any event, the statute should be tolled by plaintiff's allegations of defendants' fraudulent concealment of relevant facts. The district court dismissed plaintiffs' claims as untimely, and these appeals followed.

"As the sufficiency of a complaint is a question of law, we review *de novo* the district court's grant of a motion to dismiss pursuant to [Rule] 12(b)(6), applying the same standards as the district court." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.1999) (quotation and citation omitted). "We must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Summum v. Callaghan*, 130 F.3d 906, 913 (10th Cir.1997) (quotations omitted). Dismissal under Rule 12(b)(6) is proper "only if it appears beyond doubt plaintiffs can prove no set of facts in support of the claim which would entitle them to relief." *Graham v. Indep. Sch. Dist. No. I-89*, 22 F.3d 991, 993 (10th Cir.1994).

Plaintiffs' claims are governed by Colo. Rev.Stat. § 13–80–102, which requires a civil suit to be commenced within two years after the cause of action accrues. *See* Colo.Rev.Stat. § 13–80–102(a) (two-year limitation on actions for negligence), § 13–80–102(g) (two-year limitation on actions upon liability created by a federal statute where no period of limitation is provided); *see also Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (holding § 1983 actions are best characterized as personal injury actions, appropriately governed by a state's personal injury statute of limitations). Pursuant to § 13–80–108, a state cause of action for personal injury based on negligence accrues "on the date both the injury and its cause are known or should have been known by the exercise of reasonable dili-

gence." *Id.* § 13–80–108(1); *Overheiser v. Safeway Stores, Inc.*, 814 P.2d 12, 14 (Colo. Ct.App.1991). "Federal law, not state law, controls the issue of when a federal cause of action accrues." *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir.1994). In this case, the federal law parallels the state statute. For plaintiffs' federal claims, "[t]he statute of limitations begins to run when the plaintiff knows or has reason to know the existence and cause of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 969 (citations omitted).

■ Plaintiffs argue that the limitation period did not begin to run because they did not discover defendants' alleged involvement in the circumstances surrounding the assaults until February 29, 2000. We disagree. The limitation period may be triggered before a plaintiff has conclusive knowledge of an injury and its cause or of all the evidence ultimately relied on to support his or her legal theory. *See United States v. Kubrick*, 444 U.S. 111, 119–23, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979); *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir.1993); *see also Mastro v. Brodie*, 682 P.2d 1162, 1168 (Colo.1984) ("[T]he statute of limitations begins to run when the claimant has knowledge of *facts* which would put a reasonable person on notice of the nature and extent of an injury and that the injury was caused by the wrongful conduct of another.") (emphasis added). The record supports the district court's conclusion that at the time of the assaults plaintiffs had sufficient knowledge of facts concerning their injury and the relationship of defendants to the executive director and to plaintiffs for a cause of action based on those assaults to accrue.

Their complaints were therefore untimely absent some reason to toll the statute.

■ Plaintiffs contend the two-year statute of limitation should be equitably tolled based on their allegation that defendants fraudulently concealed information from plaintiffs. Questions concerning tolling are governed by state law unless the tolling rules are inconsistent with federal law. *Wilson*, 471 U.S. at 269, 105 S.Ct. 1938.[1] Plaintiffs allege that certain facts concerning investigations into previous improprieties by the executive director were deliberately withheld to forestall any potential actions by plaintiffs. However, plaintiffs' claims for fraudulent concealment are insufficient as a matter of law.

In Colorado, a plaintiff asserting fraudulent concealment must show

> (1) concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages.

*Kopeikin v. Merchs. Mortgage & Trust Corp.*, 679 P.2d 599, 601 (Colo.1984) (en banc). To prevail on a claim of fraudulent concealment, "a plaintiff must show that a defendant actually knew of a material fact that was not disclosed and that the defendant's intent was to cause the plaintiff to act differently than he might otherwise have done if the information had been disclosed." *Id.* at 601–02.

In this case, plaintiffs provided no basis for their allegations that defendants knew of any material concealment or otherwise intended to keep from plaintiffs material information that defendants had a duty to disclose. Plaintiffs' broad allegations that each defendant "deliberately withheld" and "concealed" information from 1995 until 2000, without any particular details regarding time, place, method or content of the alleged fraudulent concealment, fall short of the requirement that the circumstances in all averments of fraud be pled with particularity. *See* Fed.R.Civ.P. 9(b); *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236–37 (10th Cir.2000). The failure to sufficiently plead any essential element of fraudulent concealment may result in dismissal as a matter of law. *See Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir.2000) (involving failure to sufficiently plead fifth element of Colorado's fraudulent concealment test); *Ballen*, 23 F.3d at 337 (involving failure to sufficiently plead first element of three-part federal test). Moreover, plaintiffs have failed to demonstrate how concealment of the pertinent information, if it did occur, "interfered with [their] ability to know of [their] injury and its cause." *Sandoval v. Archdiocese of Denver*, 8 P.3d 598, 605 (Colo.Ct.App.2000). Therefore, the district court did not err by not tolling the statute of limitation for equitable reasons.

Because we agree with the district court that plaintiffs either knew or should have known the basis for their claims against defendants at the time of the alleged assaults, we conclude the district court properly dismissed these claims as untimely.[2]

---

**1.** As in Colorado, the federal courts recognize the equitable doctrine of fraudulent concealment to toll a limitation period. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed. 743 (1946); *Ballen v. Prudential*

*Bache Secs., Inc.*, 23 F.3d 335, 336–37 (10th Cir.1994).

**2.** Normally, the issue of when a plaintiff knew or with reasonable diligence should have known of a cause of action is a question of

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

fact. However, both the Colorado courts and this court have held that where the undisputed facts show that a plaintiff discovered, or reasonably should have discovered, the wrongful conduct as of a particular date, the issue may be decided as a matter of law. *See Palisades Nat'l Bank v. Williams,* 816 P.2d 961, 963 (Colo.Ct.App.1991); *Allred v. Chynoweth,* 990 F.2d 527, 529 (10th Cir.1993). Likewise, this court has held that "when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute. Statute of limitations questions may, therefore, be appropriately resolved on a Fed.R.Civ.P. 12(b) motion." *Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir.1980) (citations omitted). In the present case, it is clear from the face of plaintiffs' complaints that the applicable limitation period had expired when measured from the dates of the assaults. Moreover, the essential facts specifically relied on by the district court to demonstrate that plaintiffs either knew or should have known through reasonable diligence that their actions against defendants had accrued remain undisputed.