23CA1667 GaNun v Epic 08-15-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1667 City and County of Denver District Court No. 22CV31893 Honorable Mark T. Bailey, Judge Jennifer GaNun and Andrew Thomas, Plaintiffs-Appellants, v. Epic on the Park Homeowners Association, Inc., a Colorado nonprofit corporation, Defendant-Appellee. JUDGMENT AFFIRMED AND CASE REMANDED WITH DIRECTIONS Division I Opinion by JUDGE J. JONES Welling and Schock, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 15, 2024 Pat Mellen Law, LLC, Patricia Ann Mellen, Denver, Colorado, for Plaintiffs-
Appellants Orten Cavanagh Holmes & Hunt, LLC, Jonah G. Hunt, Marcus T. Wile, Denver, Colorado, for Defendant-Appellee 
1 ¶ 1 Plaintiffs, Jennifer GaNun and Andrew Thomas, appeal the district court’s judgment entered on jury’s verdicts in favor of defendant, Epic on the Park Owners Association, Inc. (Epic). We affirm and remand the case to the district court for a determination of Epic’s reasonable attorney fees incurred on appeal. I. Background ¶ 2 Plaintiffs own a condominium unit on property governed by Epic, a homeowners association. They filed a complaint against Epic asserting claims for breach of contract, breach of the contractual covenant of good faith and fair dealing, and negligence. The essence of their claims is that Epic breached the declarations and bylaws of the condominium development and acted negligently by failing to adequately fix problems with the roof of their unit. These problems, plaintiffs allege, caused property damage to their unit and personal injuries to Ms. GaNun. ¶ 3 A jury found in Epic’s favor on all three claims. ¶ 4 On appeal, plaintiffs contend that they are entitled to a new trial because the district court erred by failing to define for the jury certain terms in the instruction on one of Epic’s three affirmative 
2 defenses — that Epic’s conduct was a reasonable exercise of business judgment. As a result, they say, that instruction and the elemental instructions for each claim (which referenced the affirmative defense) were “incomplete” and “misleading.”
1 ¶ 5 At Epic’s request, the district court instructed the jury on the business judgment rule. Instruction No. 29 provided as follows: The business judgment rule provides that the good faith acts of directors of nonprofit corporations which are within the powers of the corporation and the exercise of honest business judgment are valid, and courts are not to interfere with or regulate the conduct of directors in the reasonable and honest exercise of their judgment and duties. Each of the elemental instructions for plaintiffs’ three claims for relief included the following provision: On the other hand, if you find that all of these statements have been proved, then you must consider the defendant’s affirmative defense(s) of plaintiffs’ own prior breach of contract, failure to act in good faith, and that 1 Plaintiffs’ opening brief also contended that the district court erred by failing to include these definitions in the verdict forms. They withdrew that contention in their reply brief, asserting that they meant to refer to the elemental instructions for each claim. At oral argument, plaintiffs’ counsel conceded that the issue whether the court erred by failing to define certain terms for the jury is the only issue before us. 
3 defendant’s actions or inactions were a reasonable exercise of business judgment. The court also instructed the jury that Epic had the burden of proving each of its affirmative defenses by a preponderance of the evidence. II. Discussion ¶ 6 Plaintiffs now argue that the district court should have included in the instructions definitions for three phrases used in Instruction No. 29: (1) “good faith acts of directors of nonprofit corporations”; (2) “within the powers of the corporation”; and (3) “the exercise of honest business judgment.” ¶ 7 We conclude that plaintiffs didn’t preserve this argument for appeal. ¶ 8 To preserve an argument concerning a jury instruction for appeal, a party must timely assert that argument in the district court and request a ruling on it. See Ajay Sports, Inc. v. Casazza, 1 P.3d 267, 276 (Colo. App. 2000) (party waived argument that instruction was incomplete by failing to object to the instruction on that basis at trial); Vikell Invs. Pac., Inc. v. Kip Hampden, Ltd., 946 P.2d 589, 596 (Colo. App. 1997) (“A general objection to an 
4 instruction is not sufficient to preserve a specific objection for appeal. Instead, counsel must state the specific grounds of his or her objections for consideration of the court, . . . and only the grounds so specified shall be considered on appeal.”) (citation omitted); see also C.R.C.P. 51 (only objections raised before the court gives the instructions to the jury may be considered on appeal). ¶ 9 Plaintiffs’ counsel never asked the district court to define the aforementioned phrases for the jury. Nor did any of her objections to the business judgment rule instruction suggest that the court define these or any other terms. Rather, counsel only objected generally that there were unspecified “limitations” to the rule, the Colorado Common Interest Ownership Act (CCIOA) somehow affected the application of the rule, there hadn’t been a valid exercise of business judgment as a matter of law, and the rule didn’t apply because there was no “official decision” of Epic to which it could apply. These objections to the instruction — which went to whether defendants were even entitled to an instruction on this affirmative defense — didn’t preserve the different objections 
5 plaintiffs now raise on appeal because they didn’t alert the district court to those specific objections. Therefore, we don’t need to address the merits of plaintiffs’ argument. See Est. of Stevenson v. Hollywood Bar & Cafe, Inc., 832 P.2d 718, 721 n.5 (Colo. 1992) (“Arguments never presented to, considered or ruled upon by a trial court may not be raised for the first time on appeal.”); C.R.C.P. 51.
2 ¶ 10 In any event, plaintiffs can’t establish that any error was prejudicial. See Moody v. Corsentino, 843 P.2d 1355, 1375 (Colo. 1993) (the party asserting reversible error has the burden of establishing it); Poudre Valley Rural Elec. Ass’n v. City of Loveland, 807 P.2d 547, 557 (Colo. 1991) (same); Scholle v. Ehrichs, 2022 COA 87M, ¶ 78 (same; applying this principle to a challenge to a jury instruction), aff’d in part and rev’d in part on other grounds, 2024 CO 22; see also C.R.C.P. 61 (“The court at every stage of the 2 The trial transcript includes a mention of a business judgment rule instruction proposed by plaintiffs’ counsel. But we haven’t been able to locate that proposed instruction in the record. In any event, plaintiffs’ counsel has conceded that the proposed instruction didn’t define the terms plaintiffs now contend the court should have defined for the jury or include language accomplishing the same goal. 
6 proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.”). ¶ 11 The verdict forms — which plaintiffs’ counsel helped prepare — asked the jury to say “yes” or “no” to whether it found in plaintiffs’ favor on each of their claims. They didn’t ask the jury to say why it found against plaintiffs. There isn’t any way to know whether the jury found against plaintiffs because it determined that Epic proved its business judgment rule affirmative defense: it could have found that plaintiffs failed to prove one of more elements of their claims or that Epic had proved one or both of its other affirmative defenses. Plaintiffs can’t meet their burden by asking us to speculate. See Elk River Assocs. v. Huskin, 691 P.2d 1148, 1153 (Colo. App. 1984); Williams v. Chrysler Ins. Co., 928 P.2d 1375, 1378 (Colo. App. 1996) (“Prejudicial error in an instruction exists when the record shows that a jury might have answered differently if a proper instruction had been given.”) (emphasis added); cf. Antolovich v. Brown Grp. Retail, Inc., 183 P.3d 582, 601-02 (Colo. App. 2007) (any error in giving of trespass instruction was harmless 
7 because trespass was “an alternative theory of liability as to which no additional damages were recoverable”). III. Epic’s Attorney Fees ¶ 12 Epic requests an award of its attorney fees incurred on appeal under section 38-33.3-123(1)(c), C.R.S. 2023, of CCIOA. We grant its request. Plaintiffs’ claims were expressly premised on the development’s declaration and bylaws. Because Epic has successfully defended the judgment in its favor on those claims, it is statutorily entitled to an award of its reasonable attorney fees incurred on appeal. See Accetta v. Brooks Towers Residences Condo. Ass’n, 2021 COA 147M2, ¶¶ 50-51. We exercise our discretion under C.A.R. 39.1 to remand the case to the district court for it to determine the reasonable amount of those fees. IV. Disposition ¶ 13 The judgment is affirmed, and the case is remanded for the district court to determine the reasonable amount of attorney fees incurred by Epic on appeal. JUDGE WELLING and JUDGE SCHOCK concur.