599 P.2d 962 (1979)
Lloyd W. SALTER and Nina J. Salter, Trustees Under Declaration of Living Trust, dated October 9, 1967, Plaintiffs-Appellants,
v.
Frank D. VANOTTI and Edith B. Vanotti, Defendants-Appellees.
No. 77-990.
Colorado Court of Appeals, Div. III.
May 17, 1979.
Rehearing Denied June 14, 1979.
Certiorari Denied August 13, 1979.
*963 Victor A. Wallace, La Veta, for plaintiffs-appellants.
Floyd K. Murr, Walsenburg, for defendants-appellees.
SILVERSTEIN, Chief Judge.
Plaintiffs, Lloyd and Nina Salter, sued to recover the balance due on a promissory note executed by defendants, Frank and Edith Vanotti. Upon determining that plaintiffs were not holders in due course and that the defenses of the defendants were valid, the trial court entered judgment dismissing the action. On appeal by the plaintiffs, we affirm.
On December 22, 1971, defendants signed an agreement to purchase a lot in an Arizona development, and executed a promissory note, secured by a mortgage on the lot, in the amount of $4,392.68, payable in monthly installments, to the order of Cochise College Park, Inc., (Cochise) the seller. On January 14, 1972, plaintiffs purchased the note and mortgage for $2,760.82 and received the original mortgage and assignment; the original Purchase and Sale Agreement, executed by defendants, to which was attached a copy of the Property Report prepared pursuant to the rules and regulations of the U.S. Department of Housing and Urban Development. They also received a photocopy of a warranty deed executed by Cochise to the defendants. However no deed was ever delivered to defendants or recorded in Arizona.
Although the Purchase and Sale Agreement contained a provision which stated that the buyers had received a copy of the Federal Property Report, the receipt form on the Report was blank except for the number of the purchased lot, and was not signed by the defendants. The defendants' testimony that they did not receive a copy of the report was not challenged by plaintiffs. Based on this evidence, the trial court found that defendants had not received a copy of the Report.
The Property Report provided: "If the buyer has not inspected the property at the time of purchase, he has a six-month period in which to inspect the property. He is allowed a refund if the property was misrepresented to him." Pursuant to this provision, defendants were given a "Money Back Guarantee" which permitted buyers to rescind the contract within six months, and after the property had been inspected.
Defendants made three monthly payments on the note, and, after inspecting the property, attempted to revoke the contract, but were unable to locate any representative of Cochise at the property, and received no response to their written revocation, which was mailed to Cochise. Defendants then ceased payments on the note. In June 1972, Cochise was declared bankrupt, and on July 13, 1972, plaintiffs recorded the *964 mortgage and assignment. In September 1972, plaintiffs demanded that defendants pay the past due payments. This was the first notice defendants had that their note had been sold. Defendants paid $150 in November and $100 in December, and made no further payments. Whereupon this suit was filed.
The trial court found that defendants had proven three valid defenses: (1) That defendants had attempted to exercise their rights under the money back guaranty, as provided in the Property Report, that the attempt was not honored by Cochise, (2) that defendants did not receive a copy of the Property Report prior to, or at the time they entered into the agreement as required by 15 U.S.C. § 1703, and (3) that the contract had been breached by failure to deliver a deed after three payments had been made. Based on these findings, the court concluded that each of these breaches entitled defendants to rescind the contract. All of these findings and conclusions are supported by the evidence, and thus they will not be disturbed on review. People in the Interest of A. A. T., 191 Colo. 494, 554 P.2d 302 (1976). The trial court further found that plaintiffs had notice of defendants' defenses, and, therefore, were not holders in due course, and took the note subject to the defenses described in § 4-3-306, C.R.S.1973.
The primary issue on appeal is whether plaintiffs are holders in due course of the note. Under the Uniform Commercial Code (UCC), "a holder in due course is a holder who takes the instrument: (a) For value; and (b) In good faith; and (c) Without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person." Section 4-3-302, C.R.S.1973. "The purchaser [of an instrument] has notice of a claim or defense if: . . . (b) The purchaser has notice that the obligation of any party is voidable in whole or in part . . .." Section 4-3-304, C.R.S.1973. And, "[a] person has `notice' of a fact when: . . . (c) From all the facts and circumstances known to him at the time in question he has reason to know that it exists." Section 4-1-201(25), C.R.S.1973.
The significant "facts and circumstances" are these: Prior to purchasing the defendants' note, plaintiffs had bought seven similar notes from Cochise, and bought three more simultaneously with the purchase of defendants' note; at the time the note was delivered to plaintiffs, they also received the additional documents which set forth defendants' rights under the contract, and one of the plaintiffs testified, "I didn't buy that little piece of . . . Note there, I had all the supporting documents." He further testified that all the preceding purchases were handled the same way. Thus plaintiffs were familiar with the transaction which gave rise to the note.
"Tests other than `actual knowledge' may be used in resolving the issue of whether an endorsee of a promissory note is a holder in due course." Gross v. Appelgren, 171 Colo. 7, 467 P.2d 789 (1970). One of the tests, as set forth in the above quoted statutes, is whether the holder had in his possession facts from which he had reason to know of the defenses "at the time in question." The critical time for such notice is when the party comes into possession of the note as a holder. Mecham v. United Bank, 107 Ariz. 437, 489 P.2d 247 (1971).
Here plaintiffs knew, from the documents delivered with the note, that defendants had a right to rescind the contract within six months from the date of the contract, that apparently defendants had not received a copy of the Property Report, and that defendants were entitled to a deed after making three monthly payments on the note. Plaintiffs further knew that they were not in a position to deliver such a deed since only a photocopy was forwarded to them. Plaintiffs took no steps to investigate these facts. "But notice under the UCC requires some inquiry if the purchaser has actual knowledge of facts which would apprise him of possible irregularities. Eldon's Super Fresh Stores, Inc. v. Merrill Lynch, etc., 296 Minn. 130, 207 N.W.2d 282, 287-88 (1973). The protection afforded a holder in due course cannot be *965 used to shield one who simply refuses to investigate when the facts known to him suggest an irregularity concerning the commercial paper he purchases." Stewart v. Thornton, 116 Ariz. 107, 568 P.2d 414 (1977). This is especially so where, as here, the note was not purchased for full value, but was discounted forty percent. Stewart, supra.
The facts in plaintiffs' possession were such as would alert them to defendants' possible defenses. Such facts, therefore, constituted notice to the plaintiffs under the UCC. See Jaeger & Branch, Inc. v. Pappas, 20 Utah 2d 100, 433 P.2d 605 (1967).
The cases relied on by plaintiffs, Hendrickson v. Alpert, 159 Colo. 463, 412 P.2d 433 (1966), and Hukill v. McGinnis, 70 Colo. 455, 202 P. 110 (1921), are not apposite here, since they were decided under C.R.S. 1963, § 95-1-56, now repealed. That statute required that in order to show notice which would deprive a holder of due course status, it was necessary to prove that the action in taking the instrument amounted to bad faith. However, under the UCC if a holder takes an instrument with notice "that the obligation of any party is voidable in whole or in part," § 4-3-304, C.R.S.1973, that notice is sufficient to prevent the holder from qualifying as a holder in due course, regardless of good or bad faith. See Eldon's Super Fresh Stores, Inc., supra. And, since plaintiffs had such notice they were not holders in due course, and, thus, held the note subject to any valid defenses.
Judgment affirmed.
PIERCE and VAN CISE, JJ., concur.