**MERCHANTS MORTGAGE & TRUST CORPORATION, a Colorado corporation, Plaintiff–Appellant,**

v.

**Thomas S. DAWE and Ila Mae Dawe, Defendants–Appellees.**

No. 85CA1643.

Colorado Court of Appeals, Div. I.

Dec. 17, 1987.

Rehearing Denied Jan. 14, 1988.

Certiorari Denied May 16, 1988.

Davis & Ceriani, P.C., Gary J. Ceriani, John A. Logan, Denver, for plaintiff-appellant.

French & Stone, P.C., David M. Haynes, Robert W. Stone, Boulder, for defendants-appellees.

ENOCH, Chief Judge.

In this action on a promissory note, the holder of the note, Merchants Mortgage Corporation (Merchants), appeals from a judgment in favor of defendants, Thomas and Ila Dawe. We reverse.

This case arises out of a transaction involving the sale of land. In 1973, the Dawes purchased property in Routt County from the Woodmoor Corporation (Woodmoor). The Dawes executed a promissory note and a deed of trust in favor of Woodmoor. Both the note and the deed of trust were subsequently acquired by Merchants. Later, the Dawes ceased payments on the note, and Merchants brought this suit.

As a defense, the Dawes contend that Woodmoor had failed to comply with the notice provisions of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq., resulting in a continuing right, on the part of the Dawes, to rescind the transaction. In 1981, the trial court, ruling on cross-motions for summary judgment, found that

the Dawes were not given proper notice of their three-day right to rescind the credit transaction as required by the TILA; consequently, the Dawes had a continuing right to rescind; but that right to rescind had expired three years after the transaction, in October 1976, pursuant to 15 U.S.C. § 1635(f). After affirmance by this court in *Merchants Mortgage & Trust Corp. v. Dawe*, 660 P.2d 1299 (Colo.App.1982), the Supreme Court reversed and remanded, concluding that the Dawes' right to rescind "constitutes a defense in the nature of recoupment, and is not barred by the limitations period set forth in 15 U.S.C. § 1635(f)." *Dawe v. Merchants Mortgage & Trust Corp.*, 683 P.2d 796 (Colo.1984).

On remand, both parties again filed motions for summary judgment. The trial court found that the TILA violation was apparent from the face of the documents provided to Merchants and, therefore, ruled that Merchants could not be a holder in due course of the note. On appeal, Merchants contends that no defense was apparent from the face of the documents and, accordingly, that the court erred in its ruling. We agree.

█ Merchants cannot be a holder in due course if, at the time it acquired the instrument, it had knowledge of facts that would give it reason to know of the Dawes' defense under the TILA. *Salter v. Vanotti*, 42 Colo.App. 448, 599 P.2d 962 (1979).

At the time it acquired the note, Merchants received several documents relating to this transaction. The pertinent documents were: (1) the Notice of the Right to Rescind (Notice) until midnight October 3, 1973, signed by the Dawes and dated September 30, 1973, (2) the Land Sales Agreement (Agreement), signed by the Dawes and an agent for Woodmoor and dated September 30, 1973; and (3) the Deed of Trust, signed by the Dawes and dated October 4, 1973. The note was signed by the Dawes and dated October 4, 1973. The record does not reflect that Merchants had any other information about the transaction, except that contained in the documents.

█ In a consumer credit transaction in which a security interest is retained in real property that is to be used as the residence of the person to whom credit is extended, the TILA requires that the obligor be given written notice of the right to rescind the transaction until midnight of the third business day following consummation of the transaction. 15 U.S.C. § 1635(a).

The trial court, in its order dated October 21, 1981, held that Woodmoor violated the TILA because the notice given the Dawes specified a right to rescind that expired before the transaction was consummated. The date of "consummation" was crucial to the court's holding. The trial court said:

"The transaction to be consummated was identified in the Notice of the Right to Rescind ... as a 'First Deed of Trust,' not as a Land Sales Agreement. Because a mortgage or deed of trust is ineffective if the mortgagor has no real estate to pledge, [citation omitted] the Deed of Trust could not have been consummated until October 4, 1973, when Woodmoor executed the Warranty Deed. Since [the Dawes] were advised that their right to rescind terminated at midnight, October 3, 1973, Plaintiff failed to comply with the [TILA's] requirement."

Later, in its order of September 12, 1985, the court found that this defect appeared on the face of the documents.

At the times pertinent here, the TILA defined consummation as occurring "at the time a contractual relationship is created between a creditor and customer, irrespective of the time of performance of either party." 12 C.F.R. § 226.2(kk) (repealed effective 1982). The signing of the contract, not its performance, is the event of significance. *Murphy v. Empire of America, F.S.A.*, 746 F.2d 931 (2d Cir.1984).

For purposes of Merchants' status as a holder in due course, the relevant inquiry is whether the documents provided Merchants with reason to know that the transaction may not have been consummated on September 30. In answering that inquiry, the fact that the Notice identified the transaction as a "Deed of Trust" must be considered in context with all of the facts and

**420**

circumstances known to Merchants at the time it acquired the note. Section 4–1–201(25)(c), C.R.S.

The Agreement, on its face, indicates that the Dawes entered into a contractual relationship with Woodmoor on September 30, 1973. Because the Notice specified a right to rescind that expired three days later, it appeared to comply with the TILA. In the context of the overall transaction, the reference in the Notice to a "Deed of Trust" merely indicated that a security interest in real property was retained, and that the TILA applied. It did not give Merchants reason to know that the transaction may not have been consummated on September 30, 1973. Furthermore, the Agreement specifically anticipated a delay in execution of the warranty deed, the note, and the deed of trust. The agreement provides:

> "Seller hereby agrees that within 120 days of this Agreement, it will cause to be issued to the Buyer a warranty deed to the tract or parcel hereinabove described, subject to the reservations and exceptions noted herein. Buyer agrees, upon execution of this contract, to execute a promissory note, payable to Seller, in the principal amount of the unpaid balance as due under the terms of this contract. Said note is to be secured by a deed of trust on the property hereinabove referred to and executed concurrently with the promissory note for the unpaid balance."

Accordingly, we hold that the trial court erred in granting summary judgment.

The judgment is reversed and the cause is remanded for further proceedings.

STERNBERG and BABCOCK, JJ., concur.