**Thomas H. PIERCE and Catherine Pierce, Plaintiffs–Appellants,**

v.

**Mary Lou DEZEEUW and Jose A. Ramirez, Defendants– Appellees.**

**No. 90CA1584.**

Colorado Court of Appeals, Div. IV.

Sept. 12, 1991.

Rehearing Denied Oct. 10, 1991.

Certiorari Denied Feb. 18, 1992.

Nelson, Reid & Schwartz, Daniel W. Dean, Fort Collins, for plaintiffs-appellants.

Woods, Kinney & Breithaupt, P.C., Stevens P. Kinney, II, Englewood, for defendants-appellees.

Opinion by Judge ROTHENBERG.

Plaintiffs, Thomas H. and Catherine Pierce, appeal the judgment of the trial court entered in favor of defendants, Mary Lou DeZeeuw and Jose A. Ramirez. We reverse and remand with directions.

I.

In May 1983, defendants sold their residence to Investment Properties I. As part of the real estate transaction, defendants received a promissory note and deed of trust from Investment Properties I. The note was made payable to the defendants.

In September 1985, the defendants sold the promissory note to the plaintiffs in the following manner. The defendants executed an assignment which they delivered to a third party. The third party received

payment, recorded the necessary documents, and delivered the original documents to plaintiffs. The parties never met and the defendants never indorsed the note.

In 1989, the maker, Investment Properties I, defaulted on the note, and the plaintiffs then brought this action against the defendants. The plaintiffs claim that they are entitled to defendants' unqualified indorsement of the note under § 4–3–201(3), C.R.S. Plaintiffs further claim that, as a result of the required indorsement, the defendants are liable for the unpaid balance of the note under § 4–3–414, C.R.S. That code section states:

"Unless the indorsement otherwise specifies (as by such words as without recourse), *every indorser engages that upon dishonor ... he will pay the instrument ... to the holder....*" *(emphasis added)*

(*I*ndorsement is used interchangeably with *e*ndorsement throughout the case law, and by the trial court and counsel. The spelling used here is found in the Uniform Commercial Code).

After a bench trial, the court entered judgment for the defendants. Relying on *Boyles Brothers Drilling Co. v. Orion Industries, Ltd.*, 761 P.2d 278 (Colo.App. 1988) and two cases outside this jurisdiction, the court reasoned that since the defendants did not indorse the note or agree to act as indorsers, there was no "basis for a reformation or a court order requiring defendants to indorse the promissory note." The court stated:

"The stipulation and evidence clearly establishes that *the defendants ... sold the promissory note* secured by a deed of trust *pursuant to an assignment and not an indorsement....* The defendants did not agree to act as indorsers.... [T]he court finds that *4–3–201(3) C.R.S., is not applicable* to this matter...." (emphasis added)

## II.

On appeal, plaintiff contends that the trial court erred by refusing to order the defendants to indorse the promissory note pursuant to § 4–3–201(3), C.R.S., because the instrument was transferred by assignment. We agree.

Under Article 3 of the Uniform Commercial Code (the Code), there are two basic methods of transferring a negotiable instrument such as a promissory note: (1) simple transfer and (2) negotiation. *See* §§ 4–3–201(1), 4–3–202(1), C.R.S. *See also La Junta State Bank v. Travis*, 727 P.2d 48 (Colo.1986). *See generally* 2 C. Krendl, *Colorado Methods of Practice* § 2760 (3rd ed. 1983).

### A. Simple transfer

The essential concept of a "transfer" is not defined by the Code. *See* 4 W. Hawkland, *Uniform Commercial Code Series* § 3–201:07 (1990). However, Professor Hawkland suggests that two requirements must be satisfied in order for a transfer to occur: (1) the transferor must intend to vest his or her rights in the transferee so that, as between them, the transferee is the proper party to enforce the obligation; and (2) the transferee must have actual or constructive possession of the instrument.

Applying this criterion, Hawkland concludes that "the status of transferee includes categories of persons obtaining the instrument in very diverse situations," and includes "persons who take by negotiation as well as those who do not." 4 W. Hawkland, *Uniform Commercial Code Series* § 3–201:08 (1990). According to Hawkland, parties taking by gift, pledge, or assignment are also transferees. *Cf. Pay Center, Inc. v. Milton*, 632 P.2d 642 (Colo. App.1981) (assignee of promissory note treated as transferee under the Uniform Commercial Code). *See also A.J. Armstrong Co. v. Janburt Embroidery Corp.*, 97 N.J.Super. 246, 234 A.2d 737 (1967); *Pancoast v. Century Homes, Inc.*, 8 UCC Rep.Serv. 1289 (Okla.App.1971). *See generally* 5 R. Anderson, *Uniform Commercial Code* § 3–201:9 (3rd ed. 1984); 2 C. Krendl, *Colorado Methods of Practice* § 2760 (3rd ed. 1983).

## B. Negotiation

Negotiation is merely a special form of transfer. Its importance lies entirely in the fact that it makes the transferee a "holder." *See* 4 W. Hawkland, *Uniform Commercial Code Series* § 3–202 (1990).

A holder is:

"a person who is in possession of a document of title or an instrument or a certified investment security drawn, issued, or endorsed to him or to his order or to bearer or in blank." Section 4–1–201(20), C.R.S.

And § 4–3–301, C.R.S., provides that:

"The holder of an instrument ... may transfer or negotiate it ... [or] discharge it or enforce payment in his own name."

*Compare* § 4–3–301, C.R.S. (holder) *with* §§ 4–3–302 and 4–3–305, C.R.S. (holder in due course).

If a negotiable instrument is payable to bearer, negotiation occurs by delivery alone. However, if an instrument is payable to order, both delivery *and* proper indorsement are necessary for transfer by negotiation. *See* § 4–3–202(1), C.R.S. In contrast, the transfer of a negotiable instrument by assignment may or may not involve an indorsement.

An indorsement occurs when the holder (or an agent) writes his or her name on the instrument or "on a paper so firmly affixed thereto as to become a part thereof." Section 4–3–202(2), C.R.S. The signature of a holder is effective as an indorsement regardless of any "words of assignment, condition, waiver, guaranty, limitation, or disclaimer of liability and the like...." Section 4–3–202(4), C.R.S.

Since the transfer by negotiation of an instrument payable to order requires an indorsement, the terms "negotiation" and "indorsement" are often used interchangeably. *See* 5 R. Anderson, *Uniform Commercial Code* § 3–201:3 (3rd ed. 1984).

## III.

Section 4–3–201(3), C.R.S., provides, in pertinent part, that:

"Unless otherwise agreed, *any transfer for value* of an instrument not then pay-able to bearer gives the transferee the specifically enforceable right to have the unqualified indorsement of the transferor." (emphasis added)

Official Comment 6 of § 4–3–201, C.R.S. states that: "[T]he transferee acquires, in the absence of any agreement to the contrary, the right to have the indorsement of the transferor." The comment further adds that: "[T]his right is now made enforceable by an action for specific performance. Unless otherwise agreed, it is a right to the general indorsement of the transferor with full liability as indorser...."

In 5 R. Anderson, *Uniform Commercial Code* § 3–201:19 (3rd ed. 1984), the author analyzes this right as inherent in the act of transferring an instrument for value. The author states:

"The transferee for value has this right to obtain the indorsement of his transferor even though there had been no agreement that such indorsement would be made. That is to say, *the mere act of transferring for value gives rise to the legal obligation of making the indorsement.*" (emphasis added)

Although there are no reported Colorado cases on point, in *Pancoast v. Century Homes, Inc., supra,* the Oklahoma court of appeals faced an almost identical situation.

The Pancoasts assigned a note to Century but failed to indorse it. Later, when Century sought a court order requiring them to indorse the note, the Pancoasts claimed that Century was merely the assignee of the note and that there was no provision requiring the Pancoasts to indorse the note.

The court disagreed and held that since Century was a transferee for value, albeit by assignment, it was nevertheless entitled to the Pancoasts' indorsement under a section of their code identical to our § 4–3–201(3), C.R.S. The Oklahoma court, relying heavily on *A.J. Armstrong Co. v. Janburt Embroidery Corp., supra,* specifically rejected the Pancoasts' contention that the statute did not apply because the transfer to Century was by assignment, rather than

by negotiation. We find this reasoning persuasive.

Nor does *Boyles Brothers Drilling Co. v. Orion Industries, Ltd., supra,* compel another result. In *Boyles,* this court did not construe § 4-3-201(3), C.R.S. but, rather, focused on the admissibility of parol evidence in a case involving fraudulent or negligent misrepresentation. Thus, *Boyles* is factually distinguishable.

In sum, it is undisputed that, here, the defendants assigned the note to the plaintiffs. This assignment constituted a transfer under § 4-3-201, C.R.S. It is further undisputed that the transfer was for value and the instrument was not then payable to bearer. *See* § 4-3-201(3), C.R.S.

In addition, the parties never discussed whether plaintiffs would or would not receive defendants' unqualified indorsement of the promissory note. In fact, the parties never met and defendants' counsel concedes that their total agreement is contained in the assignment. We find nothing in the assignment to suggest that plaintiffs are not entitled to defendants' unqualified indorsement.

We therefore conclude that the trial court erred in ruling that § 4-3-201(3), C.R.S., did not apply because the transfer occurred by assignment. *See A.J. Armstrong, Inc. v. Janburt Embroidery Corp., supra; Pancoast v. Century Homes, Inc., supra.*

### IV.

Plaintiffs have also requested that we enter judgment against defendants for the amount due under the promissory note and that we award them the costs incurred in this appeal. However, these issues are not properly before this court and may be addressed by the trial court on remand.

Defendants' request for an award of attorney fees pursuant to § 13-17-102, C.R.S. (1987 Repl.Vol. 6A) is denied.

The judgment is reversed, and the cause is remanded with directions to enter judgment requiring the defendants to provide their unqualified indorsement of the prom-

issory note in accordance with § 4-3-201(3), C.R.S.

STERNBERG, C.J., and HUME, J., concur.