**FIRST NATIONAL BANK OF TRIBUNE, KANSAS, Plaintiff–Appellee,**

v.

**Edward V. LOHMAN, Defendant–Appellant.**

**No. 90CA1140.**

Colorado Court of Appeals, Div. V.

Feb. 13, 1992.

Hugh Alexander & Associates, P.C., James C. Underhill, Jr., Jessie A. Aiken, Denver, for plaintiff-appellee.

Duitch & Ogawa, P.C., Robert M. Duitch, Dean T. Ogawa, Colorado Springs, for defendant-appellant.

Opinion by Judge JONES.

In this action to recover the amount due under a promissory note, defendant, Edward V. Lohman, appeals the summary judgment entered in favor of plaintiff, First National Bank of Tribune, Kansas (Bank), in which the trial court determined that the Bank was a holder in due course. We affirm.

The facts are generally not in dispute. Associated Bank Shares Corporation (Associated) and its president, the defendant, entered into an agreement to purchase a majority of the issued corporate stock in the Bank from Colorado Springs Banking Corporation (CSBC). Pursuant to the agreement, the buyers executed three promissory notes, all payable to the order of CSBC: two by Associated and one by the defendant, individually, in the amount of $104,625.

CSBC negotiated the sale of defendant's note to First National Bank and Trust Company of Oklahoma City, which in turn transferred it back to CSBC. Subsequently, CSBC assigned the note to CSBC Liquidating Trust (Trust). The Trust next negotiated the note by indorsement of William

Simpson, CSBC President, as Trustee of the Trust, to the plaintiff Bank.

When the Bank acquired defendant's note, it had no information or notice of potential defenses of defendant against CSBC or the Trust. However, CSBC had apparently breached the stock purchase agreement by failing to re-purchase certain loans from the Bank's portfolio. The president of CSBC had communicated to defendant, as president of Associated, that any failure to purchase the loans would be offset against one of Associated's notes.

Although defendant's note was current when the Trust sold it to the Bank, defendant defaulted on the note shortly after the transfer. The Bank then brought this action to collect the unpaid balance on the note.

The trial court concluded that the Bank was a holder in due course with respect to the note and that, because the notes by Associated were the legal obligation of Associated and not of the defendant individually, defendant could not assert defenses it claimed against CSBC or the Trust for the breach against the Bank. Furthermore, the court concluded that summary judgment in favor of the Bank and against defendant was proper.

## I.

■ Defendant first contends that the transfer of the promissory note from the Trust to the Bank was ineffective to render the Bank a holder in due course because the note was not indorsed by CSBC when it was transferred to the Trust. This argument is without merit.

Here, an express "liquidation" trust instrument was executed by CSBC in order to liquidate its assets, satisfy its liabilities, and distribute the remaining proceeds to the CSBC shareholders. To effect a transfer of assets to the Trust, a second instrument was executed by CSBC captioned "Assignment and Conveyance of Property and Assets Subject to Liabilities to Liquidating Trust." The second instrument provides that the transfer of assets to the trustee is for the limited purposes of administration and distribution pursuant to

the liquidation trust. And various promissory notes, security for the notes, and miscellaneous items are included in the description of assets. When read together, the documents establish that the trustee's function was to exercise the rights of CSBC and to liquidate all assets for the purpose indicated.

■ A trustee may constitute an authorized representative of the settlor under the Uniform Commercial Code. See § 4–1–201(3), C.R.S. Further, a negotiable instrument may be indorsed by an authorized representative on behalf of the holder. See § 4–3–202(2), C.R.S.; La Junta State Bank v. Travis, 727 P.2d 48 (Colo.1986). And, while the Trust instruments do not specifically include the power to indorse CSBC's notes, the obligation to liquidate those assets includes the implied power to perform the necessary acts required to carry out that undertaking. See In re Estate of Clayton, 127 Colo. 592, 259 P.2d 617 (1953); § 15–1–804(w), C.R.S. (1987 Repl.Vol. 6B). Accordingly, an indorsement on the note from CSBC to the Trust was not required. See Exchange National Bank v. Sparkman, 191 Colo. 534, 554 P.2d 1090 (1976) (settlor's delivery of unendorsed stock certificates with blank assignment was sufficient to transfer certificates to trust corpus). See also Pierce v. De Zeeuw, 824 P.2d 97 (Colo.App.1991).

## II.

■ Defendant next contends that the Bank cannot be a holder in due course because it took the promissory note as part of a bulk transaction. We disagree.

Section 4–3–302(3)(c), C.R.S., provides that a holder of an instrument "does not become a holder in due course ... [b]y purchasing it as part of a bulk transaction not in regular course of business of the transferor." According to Official Comment 3 to that statute, this subsection is limited to "bulk purchases lying outside of the ordinary course of business of the seller."

■ The comment plainly describes the applicability of § 4–3–302(3)(c) to be, generally, when a new business organization takes over, for value, the assets of an old one. The standard for applicability is that the successor organization acquires "a substantial part of the paper" held by the predecessor organization. *See* § 4–3–302, C.R.S., (Official Comment 3). *See also* 4 *Uniform Commercial Code Series* § 3–302.06 at 381–382 (1984) (annotations); Pike & Fisher, Inc., *Uniform Commercial Code Case Digest* § 3302.42 at 179–182 (rev'd vol. 1987).

Here, the Bank acquired a single promissory note from the Trust. That transaction cannot be considered a bulk purchase as a matter of law because it does not concern a substantial part of the paper of the Trust or of CSBC. Because it is not a bulk transaction, the purchase does not preclude the Bank from becoming a holder in due course.

### III.

■ Defendant finally contends summary judgment was improper because the affidavits submitted in response to the motion for summary judgment raise a material question of fact regarding whether plaintiff took the note without notice that it was in default or that defendant had a defense or right of set-off. We disagree.

Section 4–3–302(1)(c), C.R.S., provides that a holder in due course is a holder who takes the instrument "[w]ithout notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person." *See Salter v. Vanotti*, 42 Colo.App. 448, 599 P.2d 962 (1979).

Pursuant to § 4–1–201(25), C.R.S., a person has "notice" of a fact when:

(a) He has actual notice of it; or

(b) He has received a notice or notification of it; or

(c) From all of the facts or circumstances known to him at the time in question he has reason to know that it exists. A person 'knows' or has 'knowledge' of a fact when he has actual knowledge of it.

Here, the record supports the trial court's finding that the Bank had no notice of any offset against the promissory note. Such is all the more true since the note was current in its payments at the time of the transfer and the maker of the note made another payment thereon subsequent to the transfer to the Bank. Further, the record reveals that the note itself does not specify any offset against it. *See* § 4–3–304(3), C.R.S.; *cf. Cole v. Farner*, 749 P.2d 970 (Colo.App.1987), *rev'd on other grounds*, 778 P.2d 688 (Colo.1989).

Thus, contrary to the argument asserted by defendant, plaintiff's failure to establish affirmatively whether the note was current at the time of transfer is insufficient to raise a question of fact regarding whether plaintiff had notice of any default. *See* §§ 4–1–201(25) and 4–3–304(3), C.R.S.

Similarly, the affidavit of the trustee who indorsed the note on behalf of CSBC, in which the trustee stated that the president of the Bank knew that "the potential existed for claims and offsets on the note," is insufficient to raise a material question of fact concerning whether plaintiff had notice that a claim or defense *had arisen* in connection with a separate agreement. *See* § 4–3–304(4)(b), C.R.S.

Summary judgment is proper upon a clear showing, as here, that no genuine issues of material fact exist and that judgment should be entered as a matter of law. C.R.C.P. 56(c); *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988).

The judgment is affirmed.

PLANK and NEY, JJ., concur.